### HUBBARD v. SWITZER ET AL.

1. **Bond:** APPROVAL BY OFFICER: LIABILITY FOR. The act of the clerk of the court in passing upon the sufficiency of a stay bond is not a judicial one, and he is liable for any damage accruing to the judgment creditor by reason of his negligence in approving of an insufficient bond.

*Appeal from Johnson District Court.*

FRIDAY, MARCH 22.

THE defendant, J. C. Switzer, was at the time of the acts complained of clerk of the Circuit Court of Johnson county. The defendants, Daniel Switzer, O. C. Donaldson and Thomas Hill, were sureties upon his official bond. In November, 1874, the plaintiff recovered a judgment in the said Circuit Court for

$417.40 against one J. T. Marsh and one Wilson. Soon afterwards the judgment defendants applied for a stay of execution, offering as surety one John Marsh. The surety was accepted and stay of execution entered. At the expiration of the stay both the judgment defendants and the surety were insolvent. The plaintiff claims that the defendant, J. C. Switzer, as clerk of the court, was guilty of negligence in accepting John Marsh as surety, and brings this action for damagaes. Other facts are stated in the opinion. Trial without a jury. Judgment for plaintiff. Defendants appeal.

*Clark & Haddock* and *S. M. Finch*, for appellants.

*C. T. Ransom*, for appellee.

ADAMS, J.—The surety, before he was accepted as such, made the affidavit provided in Sec. 3062 of the Code. It is claimed by the appellants that such affidavit having been made the clerk could not properly refuse to approve the surety, and that he cannot now be held liable because the security has proved to be insufficient. But this position cannot be maintained consistently with section 250 of the Code, which provides that " the taking of such affidavit shall not exempt the officer from any liability to which he might otherwise be subjected, for taking insufficient security." He is not, then, to accept the surety as a matter of course where the affidavit is made. But it is claimed by appellants that he is liable only when he acts corruptly, as when he accepts a surety with knowledge that he is irresponsible. According to this theory if a bond. is offered with the required affidavit on the part of the surety, and the clerk knows nothing in regard to the surety's responsibility, it is not incumbent upon him to make any inquiry. But this we think is not the law. The statute contemplates that the surety shall be approved. According to the appellant's theory a surety who has made the required affidavit must be accepted unless disapproved. As an approval of the surety is required in addition to the affidavit, it is evident that the approval should not be based solely upon the affidavit. It was the duty of the clerk, then, to

1. BOND: approval by officer: liability for.

exercise reasonable care. But it is contended by the defendants that even if this be so the clerk cannot be held liable because in approving the bond he was acting in a judicial, and not ministerial capacity. In *Wasson v. Mitchell*, 18 Iowa, 153, it was held that the approving of an official bond may be either a judicial or ministerial act according to circumstances. In that case it was held that the members of a board of supervisors would be personally liable for negligence in approving the official bond of a constable to which the names of the sureties were forged. It was thought that their duty in that respect was ministerial.

In illustrating what might be considered a determination of a judicial character in approving a bond the court referred to *Howe v. Mason*, 14 Iowa, 510, where a justice of the peace wrongfully decided that a married woman could bind herself as surety upon a bond, and accordingly accepted her. The case at bar involved a determination as to whether the person offered as surety was pecuniarily responsible for a sufficient amount to secure the judgment which was to be stayed. It required simply the ascertainment of two facts, the amount which the person offered as surety was worth and the amount of the judgment. The ascertainment of neither fact involved the determination of a question of law, or a question of fact upon offered evidence. The ascertainment was to be made by the clerk in his own time and way. In our opinion it was not a judicial determination.

We have then to consider whether the clerk exercised reasonable care. The evidence shows that before he accepted the offered surety he was warned not to accept him by a person who claimed to have investigated his financial condition. Personally, it appears, the offered surety was not at the time he was offered much known to the clerk. He had not at that time been living long in Johnson county. He had been living in Benton county. But it appears that in that county, which is near to Johnson county, he was well enough known, and was notoriously insolvent. It seems certain that any reasonable inquiry by the clerk would have revealed to him the fact that the offered surety was insolvent. It is true he had in Benton

county certain real estate, a farm of considerable value, but heavily incumbered. The clerk acted upon the strength of a letter which was shown him, from which it appeared that there was a small margin of value above the incumbrance. The result of the enforcement of the incumbrance proved that the estimate contained in the letter was too liberal, and that in fact there was no margin of value, as the clerk should reasonably have apprehended.

It is claimed by the appellants that at the time the judgment was rendered the judgment debtors were insolvent, and that, therefore, no damage has accrued to the plaintiff. The evidence of their solvency is not very satisfactory, but there is not, we think, such lack of evidence upon the point as to justify us in disturbing the judgment. It must, therefore, be

AFFIRMED.