## HAVERLY & McDONALD v. McCLELLAND.

1. **Clerk**: NEGLIGENCE: APPROVING BOND. Under the facts in this case, it was held that the court could not say, as a matter of law, the clerk was not negligent in approving the stay bond.

2. ———: ———. Where the clerk is negligent in approving a bond, he cannot afterwards demand the aid of the plaintiff in gaining information as to the responsibility of the surety.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 25.

ACTION at law to recover for negligence of defendant, who was clerk of the District Court, in approving a stay bond. The case was tried to the court without a jury, and judgment rendered for plaintiff. Defendant appeals.

*Barcroft, Gatch & McCaughan,* for appellant.

*Chamberlain & Harrison,* for appellee.

BECK, J.—I. The petition alleges that plaintiffs recovered in the District Court of Polk county, a judgment against J. C. Saylor for about $1,000; that defendant, as clerk of the court, approved a stay bond, whereby execution upon the judgment was stayed; that the defendant in the judgment was solvent, and the amount thereof could have been made by the sale of his property, had no stay been allowed; that the surety upon the stay bond was not the owner of sufficient property to secure the payment of the judgment as contemplated by law, and that defendant negligently approved the stay bond. It is shown that a part of the judgment remains unsatisfied and cannot be collected.

The defendant denies all the allegations of the petition charging him with negligence and liability. Other allegations are admitted.

II. The decision of the case turns wholly upon the facts.

The sole question of fact is this: was defendant negligent in approving the stay bond? Upon this question, the most that can be said in favor of defendant is that the evidence is conflicting.

**1. CLERK: negligence: approving bond.**

III. Defendant insists he exercised due care, and that the case is taken out of the rule of *Hubbard v. Switzer*, 47 Iowa, 681, for the reason that he made inquiry of the surety as to the value of his unincumbered real property, and was informed that it was nearly equal in value to the amount of the penalty of the bond. Certainly, as a matter of law, we cannot hold that the defendant was required to do nothing more than demand of the surety justification, and that he make oral statements of the value of his real estate, the amount of incumbrances thereon, etc., etc. If the justification of the surety under oath is not sufficient to exonerate the clerk, and we so held in *Hubbard v. Switzer, supra*, it cannot be insisted that oral statements to the same purport as his affidavit, would have that effect. Upon the testimony, the court was authorized to find that defendant was negligent. We cannot, therefore, disturb the verdict.

IV. The counsel of plaintiffs, it seems, complained to defendant upon the approval of the bond, of its insufficiency, and defendant informed him that he would disregard it and issue execution if plaintiffs would furnish evidence of its insufficiency. They did not do so, and made a motion in the court for additional security, and that in default thereof, execution issue. The motion was refused.

**2. ——:**

Defendant insists that this action of plaintiffs discharges him of liability on account of the insolvency of the surety. We think differently. Defendant was bound to know when he approved the bond that the surety was good. If he was negligent in failing to inform himself as to the sureties' responsibility, he was not authorized to demand the aid of plaintiffs in gaining information afterwards.

AFFIRMED.