State *v.* Clark.

————◦●●◦————

THE STATE, Appellant, *vs.* CLARK, Respondent.

1. There is no doubt of the power of a court to make *nunc pro tunc* entries on the record in furtherance of justice.
2. The failure of a clerk to enter upon an indictment the day of its return into court, does not entitle the defendant to his discharge.

*Appeal from Dent Circuit Court.*

*Gardenhire,* (attorney general,) for the State.  1. A defendant cannot be discharged for any failure of the clerk in making entries, after the filing of an indictment.  2. The Circuit Court had power to order entries of proceedings had at a previous term to be made *nunc pro tunc. Hyde* v. *Curling, et al.,* 10 Mo. Rep. 359.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for gaming by the grand jury, at the September term of the Circuit Court for Dent county, in the

year 1852. At the April term of said court, in the year 1853, the defendant appeared in court, and moved the court to discharge him from his recognizance in this case, for the following reasons : " 1st, because there is no indictment in this cause filed in the clerk's office in this court by indorsement of the clerk on said indictment ; 2d, because there is no indictment in this cause, and because the proceedings are otherwise irregular and defective."

Upon the hearing of the motion, the indictment was shown with the following indorsements : " State of Missouri *vs.* Willis Clark. Indictment for gaming. A true bill. R. B. Matthews, foreman of the grand jury." The clerk had not marked the time of filing the same on the indictment, but had omitted to do so.

The circuit attorney then, in presence of the court, made up the records of the court for the last term, by entering on the records the formal entry of the commencement of the term, in September, 1852 : the return of the *venire facias* for a grand jury by the sheriff—the swearing and impanneling the grand jury, of which Ransom B. Mathews was, by the court, made foreman, and that the same were charged by the court, and retired to consider of their indictments ; and on Tuesday, the second day of the term, the following proceedings were had : " The grand jury returned into court the following true bills of indictment." Then follows a copy of the indictment in this case, which the clerk spread in full upon the records of the court. The court sustained the defendant's motion and discharged him. The circuit attorney excepted, and brings the case here by appeal.

1. This record is so badly made out, that it is almost out of our power to find what was done, or what was the real situation of the record at the time the motion was made to discharge the defendant. We see that he had been recognized to appear at court at the April term, 1853, to answer to the State upon an indictment for gaming. We see that the clerk had omitted to mark or indorse upon the indictment the day the same was

returned by the grand jury into court; and we also suppose, from what we can make out of the record sent up to this court, that the clerk had omitted to make the proper entries in the records of the meeting of the court at the September regular term, and had omitted to enter the swearing and charging the grand jury, and the return of that body into court on the second day the bills of indictment found by them. This omission of duty by the clerk was supplied, by the circuit attorney making the entries for him. There is no error in thus making up the records of the court in proper form, from the minutes kept of the proceedings of the court by the clerk. See *Hyde* v. *Curling & Robertson*, 10 Mo. Rep. 359. In this case, the court observed : " No question can exist as to the power of the court to make *nunc pro tunc* entries for the furtherance of justice, and thus to place on the records the action of the court had on a former day of the term, or at a previous term, and which the clerk had omitted to enter at the time."

The court could see and know from the minutes, whether there had been a regular term of the court at September, in the year 1852; whether a grand jury had been sworn, impannel-ed and charged, and could also ascertain if there were any indictments found by the grand jury, and returned into court by them, and were then with the records of the court before it. If these acts had taken place, the failure of the clerk to make proper and formal entries on the records of the court, might have been supplied or corrected, by having such entries made *nunc pro tunc*.

2. It seems, from the record before us, that the clerk had spread upon the records of the court the indictment against Clark in full; I cannot tell whether this act was done before the motion to discharge, or at the April term, or at the previous term. There was no necessity for spreading the indictment in full upon the records of the court at any time. It was a record of the court when the grand jurors returned it a true bill into the court, and it should then have been filed among the records of the court. On this motion, it was the duty of the

court to have ordered the clerk to indorse the time of filing the indictment in court, and this would have placed the whole matter right. . No doubt, that the day and time of returning the indictment was known to the clerk and court—minutes of this fact were, in all probability, then in court, made by the clerk at the last term.

There was no ground for sustaining the defendant's motion to be discharged : the failure of the clerk to enter the day of the return of the indictment by the grand jury into court, could not authorize the court to discharge the defendant.

In the case of *State* v. *Mertens*, 14 Mo. Rep. 94, the foreman of the grand jury omitted to sign his name to the indorsement on the indictment, " a true bill ;" this omission was not considered such as to render the whole proceedings under the indictment illegal.

The judgment of the Circuit Court, in sustaining the defendant's motion, is erroneous ; it is, therefore, reversed, and this case is remanded for further proceedings, in accordance with this opinion. The other judges concurring.