MAYNES ET AL v. BROCKWAY.

1. **Judgment**: STAY OF EXECUTION: ACTION OF CLERK IN ALLOWING. The action of a clerk in allowing a stay of execution, after the expiration of the ten days allowed by statute for the filing of a stay bond, is judicial in its character, and cannot be questioned in a collateral proceeding.

2. **Evidence**: TO CONTRADICT COURT RECORDS. Parol evidence is inadmissible to show that a stay bond was not filed at the time stated by the records.

*Appeal from Montgomery District Court.*

WEDNESDAY, MARCH 23.

ACTION to recover specific personal property. The defendant recovered a judgment against W. H. Hills *et al.*, and it was claimed by the defendant that the plaintiff Maynes executed a bond staying execution on said judgment. An execution was issued after the expiration of the time execution was stayed, and property belonging to the plaintiff levied on and taken into his possession by the sheriff. This action is brought to recover said property. The execution plaintiff was substituted or made defendant in place of the sheriff. Judgment was rendered for the defendant, and plaintiff appeals.

*Hewitt & Richards*, for appellant.

*W. S. Strawn*, for appellee.

SEEVERS, J.—The judgment against Hills *et al.* was rendered in the District Court on the 18th day of March, 1876. What purported to be a bond staying execution on said judgment was executed by the plaintiff, as appeared on the face of the bond on file and of record, on the first day of August, 1876. The clerk at that time entered thereon, or at least the bond so showed: " The above bond and security approved by me at the request of the plaintiff." The bond was not recorded until January or February, 1877, at which time the proper entry was made in the judgment docket.

The plaintiff offered to prove—*First.* That defendant refused to accept said bond at or about the time it was delivered to the clerk. *Second.* That it was not, in fact, approved by the clerk until January or February, 1877. *Third.* That the defendants were notified, after August 1st, 1876, by defendant he would not accept the bond, and they must furnish other security. *Fourth.* That said defendants and the plaintiff thereupon called on the clerk and were informed he would not accept said bond. Objections being made, the proposed evidence was rejected.

I.   Counsel for the plaintiff insist the bond and judgment thereon are void, because the former was not accepted and approved by the clerk and recorded within ten days after the original judgment was rendered. The defendant contends the bond and judgment, at most, were only voidable, and, therefore, cannot be attacked in a collateral proceeding, which this is claimed to be. We think this is clearly a collateral proceeding, and, therefore, the material question is whether the bond and judgment are void or voidable only. If the latter, then the plaintiffs have mistaken their remedy and the judgment must be affirmed. It is provided by statute that to obtain a stay of execution a sufficient bond must be executed within ten days from the entry of the judgment, and the same approved by the clerk, but no stay can be had if judgment was recovered for money received in a fiduciary capacity, or for the breach of an

1. JUDGMENT: stay of execution: action of clerk in allowing.

official duty. The bond, when approved, shall be recorded and have the force and effect of a judgment confessed. The clerk is requird to enter and index the same in the proper judgment docket, as in case of other judgments. Code, §§ 3061, 3064.

The bond in question was neither executed, approved, nor recorded within ten days from the entry of the judgment. But the clerk, after that time, did approve the bond, record it, and make the proper entry in the judgment docket. He must, therefore, have determined it was executed, approved and recorded in time, or he may have concluded the statute was directory merely, and that the time prescribed in the statute was not material. If such determination was of a judicial character, the action of the clerk cannot be reviewed in this proceeding. In *Hubbard. v. Switzer et al.*, 47 Iowa, 681, it was held the power vested in the clerk to determine as to the sufficiency of the surety on a stay bond was not of a judicial character; and in *Howe v. Mason*, 14 Id., 510, it was held when a justice of the peace decided a married woman could bind herself as surety on a replevin bond, and accepted such bond, that the action of the justice was of a judicial character. The true rule seems to be that the action of an officer approving and accepting a bond may be either judicial or ministerial, depending on the particular thing he is required to do. *Wasson v. Mitchell*, 18 Iowa, 153.

The clerk had the power, and it was his duty under the statute, to determine whether there could be a stay of execution at all in the case at bar. To do this, he must have inquired and determined whether the judgment was recovered for money received in a fiduciary capacity, or for the breach of official duty. It is clear when he so did his determination would have been judicial in character. So when he determined the bond was filed in time, or that time was immaterial, an exercise of judgment and discretion was required. Conceding what he did was an error, or grave mistake, it cannot be corrected in this proceeding. There is no doubt *certio-*

*rari* would lie to review the act of the clerk (Code, § 3216); or probably a motion (Code, § 3156); or possibly by an action in equity. *Partridge v. Harrow*, 27 Iowa, 96. Not only so, but a judge's order might have been obtained in vacation directing the clerk as to his duty in the premises. Code, § 2925.

The statute is not precisely the same as it was when *Waldron v. Dickerson et al.*, 52 Iowa, 171, was determined. Whether the reasoning in that case would be applicable, we have no occasion to determine. The controversy in that case was whether a subsequent encumbrance could be effected thereby if the stay bond was not recorded and a proper entry made at the time the lien was acquired.

The statute does not fix any time within which such record and entry shall be made, but when recorded the bond shall have the force and effect of a judgment confessed. As between these parties the bond did not become void by reason of the failure of the clerk to record it at an earlier day than he did.

II. The evidence offered was, we think, inadmissible. In *Farley, Norris & Co. v. Budd*, 14 Iowa, 289, evidence was offered to prove a motion for a new trial had not been filed at the time the records showed it to have been done. It was held to be inadmissible upon the ground the records imparted absolute verity. So here the records show the bond was approved August 1, 1876. This cannot be contradicted by parol.

2. EVIDENCE: to contradict court records.

What the plaintiff in the original judgment did or said in relation to the acceptance of the bond is immaterial. It was the clerk's duty to act in the matter without reference to what the plaintiff did or said.

AFFIRMED.