BARRINGER vs BOOKER.

Opinion delivered February 15, 1896.

*1.   Amendment of Judgment After Term—Notice to Adverse Party.*

> After the expiration of the term at which the judgment was rendered, the court amended it by a nunc pro tunc entry without motion and notice to the adverse party as required by 3909 of Mansfields Digest. *Held,* That correct practice require notice to the adverse party, or his attorney of the motion to make such correction, but proceeding under § 5083 of Mansfield Digest this court will not reverse the cause for such error unless it be shown that the substantial rights of appellant have been injuriously affected by such proceeding.

2. *Record—Recital Cannot be Changed by Oral Testimony.*

> The solemn declaration of the record cannot be overcome by oral testimony tending to show that the trial Judge had set aside and vacated the original judgment in Chambers and not in open court and failed and neglected to have the order entered of record.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Suit by D. E. Booker against J. L. Barringer. Judgment for plaintiff. Defendant appeals. Affirmed.

Appellee recovered a judgment before the United States Commissioner at Ardmore against appellant for the sum of $100.00 and costs, from which judgment an appeal was taken to the United States Court in the Indian Territory, Third judicial division. On October 16, 1894, judgment was rendered in that court, omitting the formal parts as follows: "It is ordered, adjudged, and decreed that the judgment appealed from in the above numbered and styled cause be affirmed, defendant and appellant paying the costs of this appeal. To all of which defendant and appellant excepted." A motion for a new trial was made, but is not set out in the record, and on November 20, 1894, was overruled, exceptions allowed and defendant given 60 days in which to file bill of exceptions. On March 23, 1895, the judgment of October 16th, 1894 was amended, whereby it ordered that "The plaintiff, D. E. Booker, do have and recover of the defendant, J. L. Barringer, the sum of one hundred dollars, with interest thereon at the rate of six per cent. per annum from said 9th day of May 1894, and costs, for all of which let execution issue," and directed that said judgment be

(30)

entered nunc pro tunc. A motion to set aside this amended judgment was made, upon the ground—First, that the same was rendered and taken wholly without notice, and without written motion filed in the case; second, that said order and judgment were taken after the original judgment, entered on the 16th day of October, 1894, had been vacated and set aside by the trial judge, in chambers.

*J. W. Hocker* and *B. D. Davidson*, for appellant.

*Stewart Dennee*, for appellee.

LEWIS J.   The bill of exceptions, duly reserved, and filed within proper time, presents for consideration the questions whether the court erred in amending the original judgment after the expiration of the term at which it was rendered, by a nunc pro tunc entry without motion and notice to the adverse party, and whether it erred in refusing to permit the admission of evidence to show that the Judge who tried the case had set aside the original judgment, and had failed and neglected to have the order granting a new trial entered of record. At the time of the amendment of the original judgment chapter eighty-eight of Mansfields Digest of the Laws of Arkansas was in force the Indian Territory. Section 3909 of this chapter provides: "The court in which a judgment or final order has been rendered or made, shall have power after the expiration of the term, to vacate or modify said judgment or order * * * Third. For misprisions of the clerk." § 3910 of this act provides; "Proceedings to correct misprisions of the clerk shall be by motion upon reasonable notice to the adverse party or his attorney in the action." The decisions of the Supreme Court of Arkansas are not entirely free from conflict in the construction of the provisions of the statute quoted. An amendment of a judgment entry such as was made in this

case is clearly the correction of a clerical misprision, and we think under these statutes, that correct practice required notice to the adverse party or his attorney of the motion to make such correction. This is the view taken by the Supreme Court of Kentucky of like statutory provisions. Seiler vs Bank, (Ky) 5 S. W. 536. Our power to reverse this judgment is defined entirely by special statutes of Arkansas. § 5083 thereof declares; "The court must in every stage of an action disregard every error in the proceedings which does not effect the substantial rights of the adverse party; and no judgment shall be reversed or effected by reason of such error or defect." We regard this statute as most wise and just, and we are disposed to construe it, not narrowly, but broadly. Under § 3909, above quoted, the power is conferred to correct a judgment after the expiration of the term. Motion and notice to the adverse party are the prescribed procedure to that end in the case of clerical misprision. The failure to give such notice is a defect in the proceedings for which the judgment cannot be reversed or effected. Unless the substantial rights of the party be affected by such defect. In this case, the original judgment, in terms, affirmed the judgment of the Commissioners Court, which was a part of the record necessary to give the trial court jurisdiction. To correct the original, then,—not in any wise to alter or vary its terms, but to make it technically formal and complete,— required no extraneous proof, but simply an inspection of the authenticated record upon which the jurisdiction of the trial court rested. The lack of notice complained of could not, by the remotest possibility, have affected the rights of the appellant injuriously. The action of the trial court therefore, in this particular, though, in our judgment, not free from error, does not involve reversible error.

Upon the second point presented, we deem it necessary to say only that the record disclosed that, at the term at which the case was tried and the original judgment entered,

Adverse party should have notice of motion to amend judgment.

Cause will not be reversed, unless substantial rights are affected.

a motion for a new trial was filed, overruled, and exceptions allowed, and defendant given 60 days to file bill of exceptions. We do not think that this solemn declaration of the record could be overcome by oral testimony tending to show that the trial judge in chambers, and not in open court, had set aside and vacated the original judgment, and had failed and neglected to have the order entered of record, there appearing no record nor memorandum of such order.

*Recitals of record cannot be contradicted by oral testimony.*

Other questions presented will not be considered, for the reason that the bill of exceptions in which they are reserved was not filed within apt time. The judgment will be affirmed.

SPRINGER, C. J., concurs.