## THE STATE v. BELL, Appellant.

### Division Two, February 12, 1901.

1. **Criminal Law:** INDICTMENT: PARTIES JOINTLY INDICTED: RECORD ENTRIES. Defendant and one Johnson were jointly indicted for assault. Both pleaded "not guilty," and upon trial both were found guilty, and the punishment of each fixed at two years' imprisonment in the penitentiary. From the title of the case, as shown by the record entry of the return of the indictment, it appears to have been against defendant only. The indictment was indorsed, however, as against both parties, and the charge was against both in the body of the indictment itself. The case was numbered twenty-three, and was designated by this number at every entry of the case in the record. *Held,* a valid indictment against both parties.

2. ————: ————: DATE OF FILING: ENTRY NUNC PRO TUNC. The record should show that the indictment was filed upon the date of its return into court by the grand jury, but, in the absence of such showing, the trial court has power, by a *nunc pro tunc* entry, to place upon the records the date of the filing as of the day that it should have been done.

Appeal from Lafayette Criminal Court.—*Hon. Jno. A. Rich,* Judge.

AFFIRMED.

*U. G. Phetzing* for appellant.

The record shows that an indictment was presented against Milton Bell, signed, indorsed and filed March 5; on March 6, an indictment for the same charge was presented against Edward Johnson and on March 13, both were tried upon an indictment against Milton Bell and Edward Johnson. According to the record, Johnson was tried upon an indictment that was filed on the fifth day of March, but was not presented to the court by the grand jury until March 6, and both were tried upon an indictment about the presenting of which the record is as silent as the tomb. Every indictment should be returned and presented to the court by the grand jury, otherwise it will be invalid and such return and presentment must appear on the record. Pond v. State, 47 Miss. 39; 10 Am. and Eng. Ency. of Law (1 Ed.), p. 470 and notes.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1)  The indictment was returned against both the defendant, Bell, and his co-defendant, Johnson, on the fifth day

of March, 1900.   The indictment was numbered twenty-three, and will be found to be so designated throughout the entire trial.   While the title of the case, showing the return of the indictment, appears as being against defendant, Bell, only, yet the indictment proper, together with the number of the case and the indorsements on the back of the indictment, all show that the same was returned by the grand jury against both parties, and that it is the indictment upon which defendants were tried.   (2)   It appears that on the fifth day of March, defendant Bell was arraigned, and entered a plea of not guilty, while on the following day his co-defendant John- son was arraigned upon the same indictment, numbered twenty-three, charged with malicious assault to kill and assault to rob, and upon such arraignment, entered a plea of not guilty.   The indictment is shown to have been properly re- turned by the grand jury in open court on the fifth day of March, 1900.   The crime charged therein is leveled against the defendant and his co-defendant by name, and as such is a part of the record when filed.   State v. Lord, 118 Mo. 1; State v. Grate, 68 Mo. 22.   It is not essential that the clerk of the court should mark the indictment "filed."   The single act of its reception by him from the hands of the grand jury in open court is a satisfaction of all legal and statutory pro- visions in reference thereto.

BURGESS, J.—The defendant and one Edward John- son were jointly indicted at the adjourned February term, 1900, of the criminal court of Lafayette county, held March 5, 1900, and charged with assault with intent to kill, and as- sault with intent to rob.   They were put upon their trial, both found guilty, and their punishment fixed at two years' impris- onment in the State penitentiary.

In due time motions for new trial and in arrest were
Vol. 159 mo—31

State v. Bell.

filed by defendants, which were sustained as to Johnson, and overruled as to Bell. Bell appeals.

The only question presented in this appeal is with respect to the return of the indictment into court by the grand jury, the defendant's contention being that "the record does not show that the grand jury ever presented the indictment upon which he and his co-defendant were tried," while the State asserts the contrary.

The record shows that the criminal court of Lafayette county was in session on the fifth day of March, 1900, and that the following entries of record were made in that court upon that day, to-wit:

"The grand jurors return into court here in a body and report the following indictment, to-wit:

"State of Missouri, ⎫
                vs.        ⎬ No. 23—Malicious assault to kill,
Milton Bell.      ⎭      and assault to rob.
        "A true bill."

The indictment returned is as follows:

"State of Missouri, ⎫
                          ⎬ ss.
County of Lafayette. ⎭

"In the criminal court of Lafayette county, Missouri, February adjourned term, A. D. 1900.

"The grand jurors for the State of Missouri impanelled, sworn and charged to inquire within and for the body of the county of Lafayette, in the State of Missouri, upon their oath present and charge that Milt Bell and Ed. Johnson, late of the county aforesaid, on the seventh day of December, A. D. 1899, at the county of Lafayette and State aforesaid, in and upon one Lee Kinder then and there being, did then and there feloniously, on purpose and of their malice aforethought, make an assault, and did then and there on purpose, of their

State v. Bell.

malice aforethought, feloniously strike at and strike him, the said Lee Kinder, in and upon the head of him, the said Lee Kinder, with a certain deadly and dangerous weapon, to-wit, a rock, which said rock they, the said Milt Bell and Ed. Johnson, in their hands then and there had and held, with the felonious intent then and there, him, the said Lee Kinder, on purpose and of their malice aforethought, to feloniously kill and murder; against the peace and dignity of the State.

"And the grand jurors aforesaid, upon their oath afore-said, do further present and charge that Milt Bell and Ed. Johnson at the county of Lafayette and State of Missouri, on the seventh day of December, 1899, in and upon one Lee Kinder, then and there being, did then and there, feloniously, on purpose and of their malice aforethought, make an assault, and did then and there, on purpose and of their malice afore-thought, feloniously strike at and strike him, the said Lee Kinder, in and upon the head of him, the said Lee Kinder, with a deadly and dangerous weapon, to-wit, a blunt instrument, the name and description is to these grand jurors unknown, which said deadly and dangerous weapon they, the said Milt Bell and Ed. Johnson, in their hands had and held, and, there, with the felonious intent, then and there, him, the said Lee Kinder, on purpose and of their malice aforethought, to feloniously kill and murder; against the peace and dignity of the State.

"And the grand jurors aforesaid, upon their oath afore-said, do further present and charge that Milt Bell and Ed. Johnson on the seventh day of December, 1899, at the county of Lafayette and State of Missouri, in and upon one Lee Kinder, then and there being, did then and there feloniously make an assault with the felonious intent then and there the moneys, goods and chattels of him, the said Lee Kinder, from the person and against the will of him, the said Lee Kinder, and

by force and violence to the person of him, the said Lee Kinder, feloniously to rob, steal, take and carry away; against the peace and dignity of the State," etc.

And on the back of said indictment is the following indorsement, to-wit:

"No. 23, Indictment.—State of Missouri against Milt Bell and Ed. Johnson, charged with malicious assault to kill and assault to rob. Filed, March 5, 1900. J. H. Campbell, Clerk. `

"A true bill. L. J. Slusher, Foreman.

"Witnesses: Lee Kinder, Lee Bauerle, Mollie Scott, Dr. G. W. Fredendall, Ed. Bawner, Mary Boyd, Julia Rogers, John Hollinsworth, Sallie Burton, Geo. Douglass."

While from the title of the case as shown by the entry of record made upon the return of the grand jury, it would seem to have been against Milton Bell only, it will also be observed from that entry that the indictment was numbered twenty-three. The indictment also shows upon its face to be against Milt Bell and Ed. Johnson, for a felonious assault upon one Lee Kinder. The indictment was designated by the number twenty-three throughout the entire record, and when these facts are considered in connection with the indorsements which show that it was against both Bell and Johnson, and that it was indorsed upon its back, "A true bill, L. J. Slusher, Foreman," whom the record shows was foreman of the grand jury, the conclusion is irresistible that the indictment returned by the grand jury was against both Bell and Johnson.

Moreover, on the fifth day of March, 1900, Bell and Johnson were arraigned under this same indictment and pleaded not guilty. The trial of the cause was then set for March 13, 1900. On the day last named the court made an order of record directing the clerk of said court to mark the indictment filed as and of the day upon which it was returned

into court, to-wit, March 5, 1900, which was accordingly done. Thereafter both defendant and Johnson waived formal arraignment upon the indictment and pleaded not guilty.

There can be no question as to the power of the court to make the *nunc pro tunc* entry, and in that way place upon the records of the court as of the day that it should have been done, the date of the filing of the indictment, which should have been done upon its return into court by the grand jury. [State v. Clark, 18 Mo. 432.]    Section 2519, Revised Statutes 1899, expressly forbids the clerk of the court in which an indictment for felony or misdemeanor is found, from making any entry on the minutes or records of the court in reference to such indictment, when the defendant is not in actual confinement or under recognizance, and under such circumstances we are unable to concur in the contention that the indictment should be held invalid, because of the failure of the record entry by the clerk upon its presentation by the grand jury to show that it was against both Bell and Johnson.    Especially is this so when the indictment shows upon its face that it was against both of them, and the record shows that it was numbered twenty-three, and, as amended, that it was filed upon the day of its presentation.

The judgment should be affirmed, and it is so ordered. *Sherwood, P. J.,* and *Gantt, J.,* concur.