## Ex parte DICK COOK.

No. A-311.    Opinion Filed September 21, 1909.

(103 Pac. 1041.)

COURTS—Records—Amendment—Power of Court. The failure of the clerk or recording officer to make a correct record does not vitiate the proceedings in a court of record. The court may, at any time during the term at which the proceedings are had, correct, amend, or supply omissions, to make the record speak the truth. Such records, when so corrected, relate to the time when the proceedings were in fact had.

(Syllabus by the Court.)

Application on *habeas corpus* by ·Dick Cook to be discharged

from custody of the sheriff of Garfield county. Petition dismissed.

*Buckner & Buckner,* for petitioner.

*Chas. L. Moore,* Asst. Atty. Gen., and *H. G. McKeever,* Co. Atty., for the State, cited and discussed; *Clarke v. Bank of Hennessey,* 14 Okla. 579; *In re McQuown,* 19 Okla. 347; *Johnson v. State,* 1 Okla. Cr. 321.

FURMAN, PRESIDING JUDGE. This is an application by the defendant to be discharged, upon *habeas corpus,* from imprisonment on account of a conviction in the county court of Garfield county for violating the prohibition law. The applicant contends that the record of the county court of Garfield county did not show the opening of the July term of court, or the date, required by statute, and that the record further disclosed that more than three days had passed, after the term had opened, during which no court was held, and which was not covered by an adjournment, and that thereby the term had lapsed. The state concedes that the record was in the condition contended for by the defendant at the date of the trial, but further contended and proved that these errors were the mistakes of the clerk of the court, who kept the record, and that before the petition for *habeas corpus* was presented to this court the county judge had discovered the errors complained of, and at the same term of the court had caused the record to be amended so as to speak the truth, and that the record now shows the opening of the court on the proper day and that the term had not lapsed.

The only question for us to decide is as to whether the county judge had the power to make these corrections in his records while the term was still in session. We are constrained to answer this question in the affirmative.

In *Clark v. Bank of Hennessey,* 14 Okla. 579, 79 Pac. 219, the Supreme Court of Oklahoma Territory said:

"It will be seen that the order made by the court was made while the case was still pending and before final judgment. It

is not only within the powers of the trial court, while a case is pending before him, to see that the records speak the truth, but it is his duty; and where the clerk, by neglect or otherwise, has failed to make a proper record of the proceedings had in the case, the court has the unquestioned power to require a correction or amendment of the record to conform to the facts, to the end that justice may not be defeated by a mere oversight or clerical error, Section 4309, St. Okla. 1893, provides that: 'When the judicial acts or other proceedings of any court have not been regularly brought up and recorded by the clerk thereof, such court shall cause the same to be made up and recorded within such time as it may direct. When they are made up, and upon examination, found to be correct, the presiding judge of said court shall subscribe the same.' "

The same question was passed upon in *McQuown's Case,* 19 Okla. 347, 91 Pac. 689, 11 L. R. A. (N. S.) 1136. The same court there said:

"The orders, judgments, and proceedings of a court of general jurisdiction are required to be recorded by the clerk of the court. The failure of the clerk or recording officer to make such record does not vitiate the proceedings. The clerk may, at any time during the term at which the proceedings are had, correct, amend, or supply omissions to make the record speak the truth; and the court may at any time, upon proper application, from the memory of the presiding judge or upon proper showing, by appropriate order *nunc pro tunc* cause its record to recite the truth, and may supply any omission from its records; and this may be done in a criminal as well as in a civil cause. Such records, when so supplied, relate to the time when the proceedings were in fact had, and may make valid that which was apparently defective. *Wight v. Nicholson,* 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865; *Gonzales. v. Cunningham,* 164 U. S. 612, 17 Sup. Ct. 182, 41 L. Ed. 572; *Hyde v. Curling.* 10 Mo. 359; *State v. Clark,* 18 Mo. 432; *Nelson v. Barker,* 3 McLean (U. S.) 379, Fed. Cas. No. 10,101; *State v. Bilansky,* 3 Minn. 246 (Gil. 169); Bishop's New Crim. Proc. § 1345."

Upon these authorities we hold that the action of the county court in correcting the record at the same term of the court, so as to make it speak the truth, was proper and legal, and the petition for the writ of *habeas corpus* is dismissed, at the expense of

the petitioner, and the defendant is remanded to the custody of the sheriff of Garfield county.

DOYLE and OWEN, JUDGES, concur.