## *In Re* WILLIAM COYLE.

No. A-917. Opinion Filed November 21, 1910.

HABEAS CORPUS—Court Records — Impeachment. The orders and judgments of a court of record which appear to be properly entered can not be impeached or contradicted in a habeas corpus proceeding.

(Syllabus by the Court.)

Application for writ of *habeas corpus.* Writ denied.

*Roseman & Buckner,* for petitioner.

*H. G. McKeever,* County Attorney of Garfield County, for the State.

PER CURIAM. This is an application for a writ of *habeas corpus.* The applicant represents that he is unlawfully detained in imprisonment in the county jail of Garfield county by the

sheriff of said county upon a commitment issued out of the county court of said county upon a judgment and sentence of said court against petitioner, alleging that said·imprisonment is illegal and unauthorized by law upon the ground that said county court had no jurisdiction to try, convict or sentence petitioner for any offense against the laws of the state of Oklahoma. The judgment in this case was pronounced by said court on the 12th day of September, 1910, at what should have been the July term of said court, the petitioner saying:

"That the said July term of the said court was not opened by the said judge on the first day of the term of court as fixed by law and said judge of said court did not attend and open said court until the second judicial day of said term of said court, and on said day, after said term was attempted to be opened, the judge of said court adjourned said court until the morning of the succeeding day, and thereupon the said judge left said county and did not return to said county and court for several days thereafter; that during the absence of the said judge the clerk of said court attempted to open and adjourn said court from day to day without authority of law, and said clerk entered of record orders adjourning said court from day to day until said judge of said court returned to said county, all of which acts and orders of the said clerk are illegal, fraudulent and void." .

· Upon the hearing of this matter a certified copy of the record containing the orders and judgments of the July, 1909, term of the Garfield county court was introduced in evidence. It appears that the court was opened on the 5th day of July, 1910, and that said court was properly kept open until the day of the trial of this cause. The petitioner attempted to impeach this record of the court by oral testimony. It appears from the certified copy of the record that the orders therein contained were properly entered. So long as this record stands in any proceedings in which it may be brought into question, other than one tc vacate and correct it instituted in the court in which it was made, it imports absolute verity, and can not be attacked or impeached in an application for *habeas corpus*. See *In re Ben Tucker, infra,* decided at the present session of the court.

The application for the writ of *habeas corpus* is therefore denied and the petitioner is remanded to the custody of the sheriff of Garfield county, with directions to enforce the judgment of the court below.