## *In re* BEN TUCKER.

No. A-770. Opinion Filed November 22, 1910.

1.  **TRIAL—Correction of Record.** Sec. 6095, Snyder's Comp. L. Okla., prescribing the procedure for the correction of mistakes or omissions of the clerk, or of an irregularity in obtaining a judgment or order, refers solely to civil matters and has no application to criminal cases.

2.  **SAME—Record of Convening of Court.** Where the clerk fails or neglects to enter upon the journal of the court the formal order showing the convening of the court, the same may be entered in conformity with the facts, even after the expiration of the term.

3.  **SAME—Notice of Order of Correction.** The formal order opening the court is one with which no party to litigation pending therein has anything to do, which adjudges nothing respecting any person's right in any case, and upon which no person is entitled to a hearing before it is made; and where the clerk neglects to enter the order in regular course, no notice is required to be given to any person before a nunc pro tunc entry thereof can be made.

4.  **SAME—Nunc Pro Tunc Entry—Collateral Attack.** A nunc pro tunc entry of an order showing the convening of the county court, imports absolute verity when brought into question in any subsequent proceeding other than a proceeding to vacate or correct it instituted in the court in which the order was made.

(Syllabus by the Court.)

*Original Proceeding by Writ of Habeas Corpus.*

The petitioner, Ben Tucker, being imprisoned under a conviction for a violation of the prohibition laws, seeks by writ of *habeas corpus* to be released. Writ discharged and petitioner remanded to custody.

*P. K. Morrill,* for petitioner.

*J. M. Williams,* for respondent.

RICHARDSON, JUDGE. On September 11, 1909, during what purported to be the July term of the County Court of Jackson County, the petitioner was convicted of a violation of the pro-

hibition law, and was sentenced to pay a fine of $500.00 and to be imprisoned in the county jail for a term of sixty days. He thereupon obtained an allowance of time for making and serving a case preparatory to taking an appeal, but for some reason the appeal was never perfected. After the expiration of the time allowed, the county court issued a commitment directing that the petitioner be imprisoned in accordance with the judgment theretofore rendered against him. Being confined thereunder, and contending that the same was illegal and void, he applied for a writ of *habeas corpus* for the purpose of having the legality of his imprisonment inquired into and determined. The writ was issued, and return thereto has been made.

The petitioner's contention is that the trial, judgment and commitment are void, for the reason that the county court was not convened within two days after the first day of the term as fixed by law; that it did not in fact convene until August; that the term had then lapsed and could not be revived, and that the convocation of officers and persons who met and tried petitioner did not constitute a court. The respondent, however, has filed certified copies of the journal entries, showing the convening of the court on July 6, 1909, and further showing that the court was in continuous session from that time until after petitioner was tried. The record of petitioner's trial, conviction and sentence was duly entered in the journal in regular course, but it appears that the order convening the court and some other orders following that, not affecting the petitioner, however, were entered in the clerk's minute book, and were afterwards entered in the journal *nunc pro tunc*. In reply, the petitioner contends that the entry showing the convening of the court does not speak the truth; and that its entry *nunc pro tunc* is unavailing, because made without any notice to him, and that notice was necessary under sec. 6095 of Snyder's Comp. L. Okla.

The order convening the court is not within the provisions of the section referred to, prescribing the procedure for the correction of mistakes or omissions of the clerk or of an irregularity in

obtaining a judgment or order; and is not of such character as to require notice to the various parties to the causes tried during the term before a *nunc pro tunc* entry thereof may be made. That section refers solely to civil matters, and is further limited in its application to orders made in some proceeding pending before the court. It has no reference to a mere formal order opening the court, an order with which no party to litigation pending therein has anything to do, which adjudges nothing respecting any person's right in any case, and upon which no person is entitled to a hearing before it is made. The entering of such an order in conformity with the facts may be lawfully done without notice to any person, even after the expiration of the term. And when properly entered, so long as it stands, in any subsequent proceeding in which it may be brought in question, other than one to vacate or correct it instituted in the court in which it was made, it imports absolute verity. *Willard v. Whitney,* 49 Me. 235; *Maynes v. Brockway,* 55 Iowa, 457, 8 N. W. 317; *Davis v. Messenger,* 17 Ohio St. 231; *Hansen v. Schlesinger,* 125 Ill. 230, 17 N. E. 718; *Barringer v. Booker,* 1 Ind. Ter. 432, 35 S. W, 246; *In re Macke,* 31 Kan. 54, 1 Pac. 785. The journal entry is therefore conclusive of this question in this proceeding.

The writ is discharged and the petitioner is remanded to the custody of the sheriff with directions to enforce the judgment of the court.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.