## WILL CORNELSON v. STATE.

No. A-5790. Opinion Filed Dec. 23, 1926.
Rehearing Denied July 23, 1927.
(257 Pac. 1109.)

H. J. Sturgis and Tom E. Willis, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Major county upon a charge of perjury and sentenced to serve a term of five years in the state penitentiary.

The following brief statement of facts will explain the contentions made.   In October, 1923, a trial was had in the county court of Major county upon a charge of the violation of the prohibitory liquor law; this charge of perjury is predicated upon his testimony in that case.   The amended information charges that it became a material question whether in that case he was at a certain place, describing it, on June 16, when the sheriff's force came to said place armed with a search warrant, and whether he saw certain jugs of liquor found by said officers. That defendant testified that he was not at the certain place described, and did not see certain jugs until same were produced in court.   That said testimony was false and untrue and known to be false by said defendant, and said testimony was falsely, corruptly, and feloniously made, contrary to his oath, and with the corrupt and felonious intent to affect the proceedings in said case. Upon the trial of the instant case, when the state offered testimony that the county court was in session at the time defendant gave the testimony in question, it was discovered that the journal was not complete and did not show the convening of that term of the county court. When this was discovered, the county judge retired from

the witness stand, and, when he was later recalled, the county court journal containing an order nunc pro tunc for the convening of such term was introduced. The state offered testimony substantially proving all the allegations of the information.

The errors argued may be summarized as follows: First. The insufficiency of the information. Second. Error of the court in admitting the county court journal purporting to show the convening of the term of court in which the alleged perjury was committed. Third. Error in the instructions.

Defendant argues that the information is indefinite, uncertain, and insufficient in failing to allege a state of facts showing the alleged false testimony was in relation to a material question; that the mere allegation that the testimony was material is insufficient. No authorities in support of this contention are cited. It is fundamental that to constitute perjury the false testimony alleged must be material to the subject under consideration, or such as would tend to influence the determination of the issues to be decided. The pleader may set out facts from which the materiality of the false testimony appears, but this is not essential. He may allege directly its materiality. 30 Cyc. "Perjury," p. 1435, states the rule thus:

"It is sufficient to charge generally that the false testimony was in respect to a matter material to the issue, without setting out the facts from which such materiality appears."

Bishop's New Criminal Procedure, vol. 2, § 921, reads:

"The materiality of the false testimony to the issue or point of inquiry being an essential element in the offense, it must be averred. And the pleader in doing this may, at his election, say that it was thus material or set

out facts from which its materiality will in law appear.
* * *"

This court, in Miller v. State, 9 Okla. Cr. 196, 131 P. 181, held:

"An indictment for perjury need not set out the facts from which it will be made to appear that the alleged false testimony, upon which the charge of perjury is predicated, was material. It is sufficient if the express averment is made that said testimony was material to the question in issue."

See, also, Coleman v. State, 6 Okla. Cr. 265, 118 P. 594; Cutler v. Territory, 8 Okla. 101, 56 P. 861; Rich v. U. S., 1 Okla. 354, 33 P. 804; Stanley v. U. S., 1 Okla. 336, 33 P. 1025.

Upon the second assignment, it is contended that the court erred in admitting the county court journal for the reason that, at the beginning of the trial, such journal did not show the court was in session at the time the alleged false testimony was given, and further it is not shown that the court was in session at the time of the entry of the nunc pro tunc order made during the trial of this case. No authorities in support of this assignment are submitted. We do not understand that defendant in fact claims that the county court was not in session at the time the alleged false testimony was given, or that the county court was not in session at the time of the entry of the nunc pro tunc order, which was entered on the journal, but simply that the record did not so show. It is, of course, well settled that the acts of a court of record are to be shown by the records alone, and that such records import verity. They cannot be impeached by evidence aliunde and may not be questioned in a collateral matter. It is likewise well settled that omissions in a court's record may be supplied and corrections made even after the expiration of the term by nunc pro tunc order, and when so corrected they import

absolute verity, except in a proceeding to vacate or correct them, by appropriate proceedings in the court in which the order was made.

In Ex parte Cook, 2 Okla. Cr. 684, 103 P. 1041, this court said:

"The same question was passed upon in McQuown's Case, 19 Okla. 347, 91 P. 689, 11 L. R. A. (N. S.) 1136. The same court there said: 'The orders, judgments, and proceedings of a court of general jurisdiction are required to be recorded by the clerk of the court. The failure of the clerk or recording officer to make such record does not vitiate the proceedings. The clerk may, at any time during the term at which the proceedings are had, correct, amend, or supply omissions to make the record speak the truth; and the court may at any time, upon proper application, from the memory of the presiding judge or upon proper showing, by appropriate order nunc pro tunc, cause its record to recite the truth, and may supply any omission from its record; and this may be done in a criminal as well as in a civil cause. Such records, when so supplied, relate to the time when the proceedings were in fact had, and may make valid that which was apparently defective. Wight v. Nicholson, 134 U. S. 136, 10 S. Ct. 487, 33 L. Ed 865; Gonzales v. Cunningham, 164 U. S. 612, 17 17 S. Ct. 182, 41 L. Ed. 572; Hyde v. Curling, 10 Mo. 359; State v. Clark, 18 Mo. 432; Nelson v. Barker, 3 McLean (U. S.) 379, Fed. Cas. No. 10101; State v. Bilansky, 3 Minn. 246 (Gil. 169); Bishop's New Crim. Proc. § 1345.' "

In the case of In re Tucker, 4 Okla. Cr. 221, 111 P. 665, this court, speaking by Richardson, Judge, said:

"The petitioner's contention is that the trial, judgment, and commitment are void, for the reason that the county court was not convened within two days after the first day of the term as fixed by law; that it did not, in fact, convene until August; that the term had then lapsed and could not be revived; and that the convocation of officers and persons who met and tried petitioner did not constitute a court. The respondent, however, has filed certified copies of the journal entries, showing the

convening of the court on July 6, 1909, and further showing that the court was in continuous session from that time until after petitioner was tried. The record of petitioner's trial, conviction, and sentence was duly entered in the journal in regular course, but it appears that the order convening the court and some other orders following that, not affecting the petitioner, however, were entered in the clerk's minute book, and were afterwards entered in the journal nunc pro tunc. In reply, the petitioner contends that the entry showing the convening of the court does not speak the truth; and that its entry nunc pro tunc is unavailing, because made without any notice to him, and that notice was necessary, under section 6095 of Snyder's Comp. L. Okla. * * * The entering of such an order in conformity with the facts may be lawfully done without notice to any person, even after the expiration of the term. And when properly entered, so long as it stands, in any subsequent proceeding in which it may be brought in question, other than one to vacate or correct, which is instituted in the court in which it was made, it imports absolute verity. Willard v. Whitney, 49 Me. 235; Maynes v. Brockway, 55 Iowa, 457, 8 N. W. 317; Davis v. Messenger, 17 Ohio St. 231; Hansen v. Schlesinger, 125 Ill. 230, 17 N. E. 718; Barringer v. Booker, 1 Ind. T. 432, 35 S. W. 246; In re Macke, 31 Kan. 54, 1 P. 785. The journal entry is therefore conclusive of this question in this proceeding. * * *"

See, also, Wheeler v. State, 25 Okla. Cr. 365, 220 P. 962; Wilson v. State, 3 Okla. Cr. 714, 109 P. 289; In re Coyle, 4 Okla. Cr. 133, 111 P. 666.

Lastly, complaint is made that the court in his instruction No. 6 invaded the province of the jury and stated to them that a certain matter of fact had been proved beyond a reasonable doubt. The court stated to the jury in his instructions that certain essential facts must be proved beyond a reasonable doubt before they could find the defendant guilty. This instruction covers the material allegations of the information, and among other things requires that they find that the county court was in lawful session at the time of the giving of the tes-

timony in question.  Instruction No. 6, complained of, reads:

"Now as to the matters proved, the journal of the county court of Major county, state of Oklahoma, has been introduced in this case, and it has been shown by said journal that the county court of Major county, state of Oklahoma, was in lawful session on said 25th day of October, 1923; second, that J. Dawson Houk was the duly elected, qualified, and acting county judge in and for Major county, state of Oklahoma, on the 25th day of October, 1923, and that case No. 899, styled the State of Oklahoma v. Nels Cornelson, came on for trial in said county court on the 25th day of October, 1923; and, third, that J. Dawson Houk, as such county judge of Major county, state of Oklahoma, had full authority and power to administer an oath to the said Will Cornelson; and these three facts may be taken by the jury as having been proved beyond a reasonable doubt. * * *"

An instruction in the same language as that here complained of was approved by this court in the case of Coleman v. State, 6 Okla. Cr. 252, 118 P. 594, being a part of instruction No. 3, quoted in that case, and the same instruction was approved in the case of Dunn v. State, 15 Okla. Cr. 245, 176 P. 86, referred to on page 259 (118 P. 597), although the instruction is not set out. See, also, instruction No. 8 of the court's charge, quoted in the case of Campbell v. State, 23 Okla. Cr. 250, 214 P. 738.

That the county court was in session, at the time the case in which the alleged false testimony given was tried, was not contested.  Indeed, it was not a matter that could be contested except by the records of that court, and, when the court journal was introduced in evidence showing that the court was in session at that time, it imported absolute verity, as a matter of law, and it was the duty of the court to inform the jury as he did

that, as a matter of law, the county court was then legally in session.

BESSEY, P. J., and DOYLE, J., concur.