## Ex parte JOHN Q. ADAMS.

No. A-6993.   Opinion Filed Feb. 9, 1929.
(274 Pac. 485.)

See, also, 39 Okla. Cr. 334, 265 P. 147.

John Q. Adams, in pro. per.

Edwin Dabney, Atty. Gen., for respondent.

DAVENPORT, J.   This is an original proceeding in habeas corpus brought by the petitioner, John Q. Adams, in his own person.   The petitioner alleges that he is unlawfully restrained of his liberty by the warden of the state penitentiary; and that the said warden holds the petitioner by reason of a judgment from Stephens county, Oklahoma, which petitioner alleges is void for want of jurisdiction of the court to render the same.   The return of the warden of the penitentiary shows that he is holding the petitioner under and by virtue of a commitment issued on the 18th day of December, 1922, from the district court of Stephens county, Oklahoma.

Petitioner in support of his allegations refers to the testimony filed in a former case, No. A. 5069 (see 27 Okla. Cr. 322, 227 P. 844), to show that the district court of Stephens county was without jurisdiction to enter the judgment it did against him, and asserts that the judgment is void, and that he is entitled to his discharge.

By referring to the testimony filed in No. A-5069, we

find a certified copy of the indictment which is regular upon its face; the commitment attached to the return of the warden herein is regular in form. The record of the court clerk of Stephens county fails to show that the testimony in the trial of the defendant upon which the sentence complained of and alleged to be void is based was reported and transcribed. This court, where the record is regular, must hold that the presumption is the court did its duty, and that the testimony received in the trial of the case was sufficient to show jurisdiction in the trial court, and to sustain the judgment and sentence.

The record of the trial of the defendant in Stephens county as presented being regular, it cannot be impeached or contradicted in a habeas corpus proceeding. In re Coyle, 4 Okla. Cr. 133, 111 P. 666.

The writ of habeas corpus cannot take the place of a writ of error or of an appeal. Ex parte Cranford, 3 Okla. Cr. 190, 105 P. 367; Ex parte Wood, 21 Okla. Cr. 252, 206 P. 541.

The writ is therefore denied.

EDWARDS, P. J., and CHAPPELL, J., concur.