THE BUCHANAN COUNTY BANK v. THE CEDAR RAPIDS, IOWA FALLS & NORTHWESTERN RAILWAY COMPANY, GARNISHEE.

1. **Railroads:** RIGHT OF WAY: CONDEMNATION BY THIRD PERSON UNDER CONTRACT: RIGHTS OF THE PUBLIC: GARNISHMENT. Where a railroad company contracts with a person to furnish at a given sum per mile its right of way at his own expense, purchasing and condemning in the name of the company, *held* that the public and land-owners were not bound to take any notice of the intermediate contractor, but that as to them the company was the only responsible party; and where a right of way had been condemned by the contractor, and the award paid to the sheriff, but the land-owner had taken an appeal, and the company had been garnished by a judgment creditor of the land-owner, *held*, further, that the contractor was bound to take notice of the garnishment, and his payment of an additional sum to the land-owner in settlement of the appeal, and for a deed for the right of way in question, did not exonerate the company from liability as garnishee to account for the additional sum so admitted to be due to the land-owner, and judgment in this case was properly rendered against it as garnishee for such sum.

2. **Appeal to Supreme Court:** LESS THAN $100: CERTIFICATE MUST BE SPECIFIC. The certificate required to give this court jurisdiction of an appeal in a case involving less than $100 must be sufficient in itself to present the questions to be determined, and must not refer the court to the record to ascertain such questions.

*Appeal from Kossuth Circuit Court.*

THURSDAY, DECEMBER 13.

THE plaintiff is the owner of a judgment against B. W. Cronan. An execution was issued on the judgment, and the defendant was garnished as a supposed debtor of Cronan, which alleged obligation or debt grew out of a claim for com-

·pensation for right of way which defendant had condemned through certain land of Cronan. A trial was had without a jury, and a judgment was rendered for the plaintiff for $50. The garnishee appeals.

*Soper, Crawford & Carr*, for appellant.

*Geo. E. Clarke*, for appellee.

ROTHROCK, J.—The amount in controversy does not exceed $100, and the case comes to us upon a certificate from the trial judge, of which the following is a copy: "1. Where the above named garnishee in constructing its line of railway contracted with an individual to furnish, for a given sum per mile, its right of way at his own expense, which he was by the terms of said agreement to procure, and did procure, by purchase and condemnation to the garnishee, in the name of said garnishee, and when, after condemnation had on June 27, 1881, the land-owner, on July 10, 1881, appealed from the award of the sheriff's jury of $250, which had been paid to the sheriff and garnished by judgment creditors other than plaintiff, and plaintiff having, on the seventeenth day of July, 1881, served the garnishment on garnishee, as shown by the agreed statement of facts herein, can the railway company, in whose favor the condemnation is made, be garnished by another judgment creditor, (the plaintiff,) and held to pay to such creditor the amount, additional to the deposit with the sheriff, which the party furnishing its right of way paid to the land-owner for a deed for right of way through the property, in the absence of actual knowledge of any garnishment?

"2. Where condemnation proceedings were had in the name of the garnishee herein, and the award was paid to the sheriff and an appeal taken by the land-owner, who was the plaintiff's judgment debtor, and when plaintiff garnished the railway company condemning, could the railway company pur

*[margin note: 1. RAILROADS: right of way: condemnation by third person under contract: rights of the public: garnishment.]*

chase for cash during the pendency of such appeal, and take a deed for right of way, without becoming liable to pay any sum in excess of the award to the garnisheeing creditor under the said process of garnishment?

"3.   Under the facts shown in the first question, *supra*, and in the agreed statement of facts, was there ever any indebtedness due, or to become due, from the railway company to the defendant, Cronan, such as under our statute could be the subject of garnishment?

"4.   When the garnishee condemned the right of way, paid the amount of the assessment to the sheriff, and took possession, did such proceedings, where the land-owner appealed from the amount of the assessment, create a *liability* on the part of the railway company which could be the subject of garnishment? Is not such liability, if any, a contingent one, and under our statute is a contingent liability the subject of garnishment?

"5.   Under the facts stated in the fourth question, *supra*, and in the agreed statement of facts, are not any increase of damages that may be awarded upon an appeal, over and above the amount found by the sheriff's jury and deposited with the sheriff by the railway company, unliquidated damages, and as such not liable to be garnished?

"6.   Was service of the notice of garnishment upon A. W. McFarland, who was employed by said Dows, the party furnishing the right of way under contract, as set out in the agreed facts, as the local attorney of garnishee in Humboldt county for the purpose of assisting Dows in procuring such right of way through Humboldt county, such service of notice of garnishment as would be good and sufficient service of garnishment upon the railway company, garnishee?

"7.   Upon the agreed facts in this case, was the garnishee liable for the sum of $50, as held by the trial court in its judgment herein."

We do not think that the employment of Dows by the railroad company to procure its right of way at a fixed price

per mile is at all material in determining the rights of the parties. Dows did not condemn land for right of way so far as the public was concerned.

The railroad company was the party liable to land-owners for compensation for right of way. Land-owners could sue the railroad company and enjoin it, and take all other proper legal action pertaining to the right of way. But they could take no action against Dows. It follows that, if a land-owner had a valid claim, the railroad company would be the proper party to garnish, and, upon the garnishment being made, all of its agents, whether employed to procure right of way at a stated sum per mile, or otherwise, were bound to take notice of the garnishment, and govern themselves thereby.

It is claimed that the court should have held that Cronan's claim for an increase of compensation, which he was asserting by his appeal, was a mere contingent liability, and not subject to garnishment. We think otherwise. Cronan claimed by his appeal that he was entitled to more than $250 compensation. It is true, this was contingent upon a trial in the circuit court, but the garnishee removed this contingency by paying Cronan $50 in excess of the award of the sheriff's jury. This was the legal effect of the transaction between Cronan and the railroad company. It was not a new arrangement having no connection with the original proceedings to condemn the right of way. Its effect was to pay Cronan $50 in addition to what had already been paid.

The foregoing observations, we think, determine all questions certified, excepting the sixth, which involves the suffi-. 2. APPEAL to ciency of the service of the garnishment notice supreme court : less on McFarland. We are referred by that inter- than $100: certificate rogatory to certain agreed facts to determine, in must be specific. part at least, the nature and scope of McFarland's agency. We have repeatedly held, and our rules require, that certificates in this class of cases must set out the questions which it is desirable shall be determined. The rule

is not complied with by referring us to the record in the case
to determine what the question is.    We find no error in the
case.

AFFIRMED.