64  541<br>104  699

LONG ET AL. v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

1. **Appeal to Supreme Court:** LESS THAN $100: CERTIFICATE OF TRIAL JUDGE: PRESUMPTION AS TO FILING. In the absence of evidence to the contrary, it will be presumed that a certificate for an appeal, signed at the term at which the case was tried, was also filed at that term.

Long et al. v. The Chicago, Milwaukee & St. Paul Railway Company.

2. ——: ——: REQUISITES OF CERTIFICATE. Where an appeal to this court involves less than $100, the certificate of the trial judge must state the identical questions of law on which an opinion is desired; and this must be done in such a way that it shall not be necessary to examine the record in order to understand the questions.

*Appeal from Dallas Circuit Court.*

WEDNESDAY, OCTOBER 22.

*Davis & Brooks*, for appellant.

*Cardell & Shortley*, for appellee.

REED, J.—The amount involved in this case is less than one hundred dollars, and the trial judge certified that it contained questions of law upon which it is desirable to have the opinion of this court. Appellee filed a motion to dismiss the appeal, which was submitted with the case. The grounds of the motion are, (1) That it does not appear from the record that the certificate was made and signed at the trial and made of record; and, (2) The certificate does not in and of itself contain an abstract question of law for determination by this court. The record shows that the certificate was signed on the day on which the motion for a new trial was overruled, and on which judgment was entered on the verdict. As the certificate was properly signed at the term at which the cause was tried, we will presume that it was also filed at that time, which is all that was necessary to be done in order to make it part of the record.

The motion is overruled on this ground, but on the other ground it must be sustained. There are twenty-three questions embodied in the certificate, but no one of them in and of itself contains an abstract question of law. We would be compelled to make an examination of the record in each case before we would be able to determine just what ruling or holding of the circuit court we are desired to review. We have often held that we would not do this. Our rules require

that the identical question of law which the trial judge thinks it desirable to have this court determine shall be stated in the certificate and they are not complied with when the certificate is so drawn that we must make an examination of the record in order to determine what the question is on which our opinion is desired.

DISMISSED.