MARTIN STEAM-FEED COOKER COMPANY, Appellant, v. E. A. OLIVE, Appellee.

1. **Appeal:** QUESTION CERTIFIED TO SUPREME COURT: FORM. Where, in cases involving less than one hundred dollars, the questions upon which the decision of the supreme court is asked arise upon motion or demurrer, the certificate of the trial judge may properly set out the pleading thus attacked with the motion or demurrer entire, whenever necessary to an explicit statement of the questions presented for determination.

2. ———: ———: PRACTICE. Questions certified to in such cases but not involved in the controversy under the pleadings will not be considered by the supreme court.

3. **Contracts:** AMBIGUITY: EVIDENCE. A written contract for the purchase of "three steam-feed cookers at forty dollars, with a discount of twenty-five *per cent.*," is so ambiguous as to require the admission of oral evidence in its interpretation.

*Appeal from Guthrie District Court.*—HON. O. B. AYERS, Judge.

TUESDAY, FEBRUARY 3, 1891.

ACTION to recover upon a contract. The defendant's motion to strike parts of the petition, and demurrer to the remainder, having been sustained, judgment was entered against the plaintiff. The amount in controversy being less than one hundred dollars, the judge trying the cause certifies certain questions of law, on which it is desirable to have the opinion of this court, and upon this certificate plaintiff appeals.—*Reversed.*

*Salinger & Lindsay*, for appellant.

*Applegate & Brown*, for appellee.

GIVEN, J.—I. As is too generally the case in this class of appeals, the first contention is as to the

1. APPEAL: question certified to supreme court: form. sufficiency of the certificate. More attention on the part of counsel preparing such certificates to the rules and decisions of this court would do much to avoid the frequent recurrence of these questions. We have repeatedly held that the certificate must point out the question upon which the opinion of this court is desired so explicitly as to render an examination of the record unnecessary, and that we will not look to the record to ascertain what question we·are called upon to determine, but that when a question is explicitly certified, and it is claimed that it did not arise in the case, we will look to the record to determine that question. *Votaw v. Corwin*, 62 Iowa, 39; *Ins. Co. v. Lewis*, 63 Iowa, 514; *Bennett v. Parker*, 67 Iowa, 451. A certificate is not to be condemned merely because it sets out and refers to a part or even all of the record; for, if thereby the question can be more explicitly stated than otherwise, it is proper to do so.

The certificate shows that the questions certified were raised by a motion to strike parts of the petition, and by demurrer to the remainder, the motion having been sustained. After setting out the petition and exhibits and the·motion and demurrer at length, and stating the rulings and exceptions, the certificate continues as follows: "Upon this record, I submit the following questions of law, on which it is desirable to have the opinion of the supreme court: *First*. Was the demurrer sufficiently specific in form? *Second*. Was the language in the contract, 'Three steam-feed cookers, at forty dollars with a discount of twenty-five per cent.'—the word 'three' plainly written in a blank, and the others quoted plainly printed—so ambiguous as to require interpretation? *Third*. Does that language mean three steam-feed cookers at forty dollars apiece with said discount, or forty dollars for all three of them, with said discount? *Fourth*. Was the motion to strike properly sustained? *Fifth*. Was the matter so stricken out proper matter to be set out as subsequent conduct of the parties to be considered in

construing said contract, or any part of it? *Sixth.* Was it proper to set out the matter stricken out to show that a demand was made for the performance of said contract, or that there was a refusal to comply with it, or that there was negligence in its fulfillment, in view of making this contract a money demand?"

The first question could not be presented without stating the form of the demurrer, and this could not be done more specifically than by setting it out. As will be seen hereafter, the other questions turn largely upon the decisions of the second and third, and they could not be better stated than by stating the contract that was to be construed. While this might have been done without setting out the allegations of the petition at length with respect thereto, yet those allegations are necessary to a concise presentation of the questions raised by the motion. We think the certificate is sufficiently explicit.

II. The first question certified does not appear to have been raised in the case. The record on the demurrer, as shown in the certificate, and also as shown in the record as abstracted, is that "under due exception on plaintiff's part sustained." The question, not being in the case, will not be considered on this appeal.

2. ——: ——:
practice.

III. We think the second question certified must be answered in the affirmative. That it is uncertain from this language whether the contract means forty dollars apiece or forty dollars for all three of the cookers, is not only shown by the fact that disinterested persons differ as to which is meant, but that no one can say that he is entirely satisfied by these words alone which is meant. As in *Cash v. Hinkle*, 36 Iowa, 623, the words are susceptible of but two possible constructions,—that is, that it is forty dollars each, or forty dollars for the three; but, unlike that case, there is nothing to show that either construction would be absurd. In that case the language of the contract was "sixty-five head of fat hogs, to weigh two hundred and twenty-five pounds

3. CONTRACTS:
ambiguity:
evidence.

and over,"—words that were susceptible of but two possible constructions, namely, that the sixty-five fat hogs should each weigh two hundred and twenty-five pounds or over, or that they should weigh that in the aggregate." The court says : "It would be absurd to say that the parties meant by the words used that the sixty-five hogs should weigh, in the aggregate, two hundred and twenty-five pounds, which would be less than four pounds each, so that the only fair construction is that the lot of hogs should each weigh two hundred and twenty-five pounds and over." No such absurdity appears in this case. There is no common knowledge as to steam-feed cookers which enables us to say, from the language of the contract quoted, that either construction is absurd, or which was intended. It follows from this conclusion that the motion to strike should not have been sustained, as the matter stricken out was properly pleaded, the contract being so ambiguous as to admit proof of the matters pleaded to aid in the interpretation thereof.

The judgment of the district court is REVERSED.