96  341
104  699

MATILDA STERN v. W. S. SAMPLE, *et al.*, Appellants.

**Practice Supreme Court: CERTIFICATE.** This court will not pass upon
a certificate when the question submitted can be determined only
by sifting an agreed statement of facts covering three pages
of the abstract.

*Appeal from Keokuk Superior Court.*—HON. H. BANKS,
JR., Judge.

THURSDAY, DECEMBER 12, 1895.

Proceeding by garnishment, and a judgment from
which some of the defendants appealed.—*Dismissed.*

*Jas. C. Burk* for appellants.

*I. N. Waggonner* for appellee.

*Per Curiam.*—It is not easy to understand the
precise nature of this proceeding. The amount in con-
troversy is less than one hundred dollars, and the case
is before us on the certificate of the trial judge.
According to appellants' abstract, it was submitted
below on an agreed statement of facts. The following
is all there is in the question indicating the legal
proposition involved: "Under the agreed statement of
facts filed in the above-entitled cause, the following
question is involved, upon which it is desirable to have
the opinion of the supreme court, to-wit: Under the
facts as agreed, was the money in the hands of Moses
Stern, agent of Matilda Stern, subject to garnishment
as the property of W. S. Sample, the judgment debtor
in the case of the *Gate City Co. v. W. S. Sample*, that

is was the money in the hands of said Moses Stern attachable as the property of W. S. Sample?" There is in the abstract what purports to be an agreed statements of facts. It consists of nearly three pages of matter, including judgment entries, an execution return, a garnishment notice, a question to, and an answer of a garnishee; an assignment of a judgment; a claim of attorney's lien, and some other matters; and the question contemplates that we are to go to the record for the facts to complete the question. This we do not do. The question, as presented, is incomplete, and it is for us to sift from the agreed statement the facts on which our answer might be based; and hence it becomes our question, instead of one by the district court. We have no right to frame such questions. We have held that we will not look to the record to see what question we are to determine. *Cooker Co. v. Olive*, 82 Iowa, 122 (47 N. W. Rep. 980). By this it is not meant that a petition demurred to, must be set out in the certificate, in order to present a question on the ruling; but the facts, as a basis for the legal proposition, must be stated, and not leave us to select from a mass of facts what we may consider pertinent to the query. The appeal will stand *dismissed*.