## S. C. SLOSS, Appellant, v. SIMPSON BAILEY AND AMOS BAILEY,

**Tender.** A transcript of the record of a case tried before a justice of the peace, which recites an offer of judgment made by the defendant to the plaintiff, need not show that the plaintiff was in court when the offer was made, since it might be given to an attorney or agent acting for the plaintiff in the prosecution of the suit

**Record:** PAROL VARIANCE. A record of the proceedings before a justice of the peace, which shows an offer by the defendant, made in writing, to confess judgment in favor of the plaintiff for a certain sum, can neither be supported or contradicted by affidavit.

**RULE APPLIED** Under Code section 3818, requiring the offer to confess judgment, after action is brought before a justice, to be made in the presence of plaintiff, or after notice to him that it will be made, the transcript of the justice need not expressly show that the plaintiff was present when such offer was made. If it appears from the record that an offer was made as contemplated or this is the necessary inference from the language employed, it is sufficient; and, if the record is silent, parol evidence is admissible to show the offer.

**Appeal Certificate.** A question certified to the supreme court, which involves an examination of the record and the proceedings of the lower court, will not be considered, as the certificate must set out the very point to be dertermined.

*Appeal from Appanoose District Court.*—HON. M. A. ROBERTS, Judge.

THURSDAY, FEBRUARY 10, 1898.

*C. F. Howell* for appellant.

*Mabry & Payne* for appellees.

LADD, J.—This action was brought to recover seventy-six dollars and thirty-four cents on certain promissory notes, and judgment was rendered in the justice court for fifty-six dollars and fifty-five cents. On appeal, in the district court, the jury returned a verdict in favor of the plaintiff for ninety-three cents, for which amount judgment was entered; and afterwards, on motion of the defendants, all costs were taxed against the plaintiff. This ruling was based on an alleged offer to confess judgment for one dollar and costs in the justice court. The motion was resisted by affidavits tending to show that the plaintiff was not present when any offer was made, had no notice thereof, and that none was in fact made. It was supported by affidavits to the contrary.

After stating these facts, we are asked the question, in the certificate of the trial judge: "Where the record of the justice before whom the case was tried below shows that the defendants in the justice court made an offer in writing to confess judgment in favor of the plaintiff for one dollar and costs prior to entering upon the trial of the case below, are affidavits tending to show that no offer to confess judgment was in fact made by defendants in the court below, competent; that is, can the record of the justice of the peace as to such offer be contradicted or supported by affidavits?" The statute requires the offer to confess judgment, after an action is brought, to be made in the presence of the plaintiff, or after notice to him that it will be made. Code, section 3818. It is not a matter of pleading, may be oral, and, where the record is silent, may be shown by parol testimony. *City*

*of Davenport v. C., R. I. & P. R. Co.*, 38 Iowa, 633; *Barlow v. Buckingham*, 68 Iowa, 169. But the making of the offer is a part of the court proceedings, and it was appropriate for the justice to determine whether made as contemplated by law. Though it might be shown when omitted, this did not relieve the court of the duty of passing upon the question, and entering his conclusion of record. The manner of making it is not raised by the inquiry, though it may fairly be inferred therefrom that this was done as required. That such a record is a verity is conceded, and, if so, it may not be varied or contradicted. *Farley v. Budd*, 14 Iowa, 289; *Maynes v. Brockway*, 55 Iowa, 457. It is said, however, that the authorities allow parol testimony to prove a fact on which the record is silent,—to supply an omission. That point is not raised by the question. The record being a verity, evidence *aliunde* to support or contradict it would be unnecessary, and therefore not admissible. Whether it might be received to supply an omission, no intimation of which is found in the question, we are not called upon to determine.

The second inquiry is: "Must the transcript of the justice in such a case expressly show that the plaintiff was present in court when such offer to confess judgment was made?" The statute provides that the offer shall be effectual, if in pursuance of notice to the plaintiff. Undoubtedly, the offer might be made to an attorney or agent acting for the plaintiff in the prosecution of the suit. If it appears from the record that the offer was made as contemplated, or this is the necessary inference from the language employed, then enough is shown. If the record is silent, then parol evidence is admissible to establish the offer.

The third question involves an examination of the record and the proceedings of the justice. This cannot

be done. *Stern v. Sample,* 96 Iowa, 341; *Buchanan County Bank v. Cedar Rapids, I. F. & N. W. R'y Co.,* 62 Iowa, 494; *Long v. Railway Co.,* 64 Iowa, 541. The certificate must set out the very point to be determined. *McLenon v. Railroad Co.,* 69 Iowa, 320; *Bennett v. Parker,* 67 Iowa, 451; *Cooker Co. v. Olive,* 82 Iowa, 122. The fact that the certificate contains the transcript and the proceedings on the motion does not obviate the rule. Under the law as interpreted by this court, the question itself must raise the desired point, without resort to the record.—AFFIRMED.