AMERICAN SAVINGS BANK, Appellee, v. SHAVER CARRIAGE COMPANY AND W. T. SHAVER, Appellants.

**Lease:** AMBIGUITY: *Parol evidence.* A lease providing for $600 rent to be paid the first year, $660 for the next two years, and $720 for the next and last two years, is ambiguous, and parol evidence will be received to show that the rent to be paid the second and third years is $660 per year.

**Appeal:** EXCEPTIONS TO INSTRUCTIONS. Where an exception is not taken at the time, to the court's instructions, defendants' argument in support of a motion in arrest of judgment, made within three days after verdict, not specifying instructions of the court as erroneous, nor excepting to any part of the charge to the jury, will not be regarded as the exception required by law; hence the instructions will not be reviewed on appeal.

*Appeal from Polk District Court.*—HON. THOMAS F. STEVENSON, Judge.

SATURDAY, APRIL 14, 1900.

ACTION to recover rent. There was a trial to a jury, and a verdict and judgment for the plaintiff, from which defendants appeal.—*Affirmed.*

*Warren Walker* and *Read & Read* for appellants.

*L. Ward Bannister* and *Berryhill & Henry* for appellee.

SHERWIN, J.—This is an action brought by the plaintiff to recover of the defendants rent alleged to be due under

a written lease, and for rent accrued prior to the execution of the lease, which was evidenced by a promissory note. The appellants in their argument complain of the instructions given by the court. The record, however, shows that no exceptions were taken to the instructions at the time they were given. Nor is it claimed that any of the instructions given were subsequently excepted to, except as appears in the motion made by the defendants in arrest of judgment, which was filed within three days after the verdict was taken. In this motion the court's attention was not called to any specific instruction. Nor was formal exception taken to any part of the charge. It says: "The court, having erred in determining the effect of the written lease, should correct the error by setting the verdict aside." This argument to the trial court cannot be treated as the exception required by law. To so hold would be to wholly disregard the procedure prescribed by the statute. The instruction, not having been excepted to, cannot be reviewed by this court.

The written lease provided for rent in the language following, to wit: "Six hundred dollars for the first year, six hundred and sixty dollars for the next two years, and seven hundred and twenty dollars for the next and last two years." The court, on its own motion, recalled the defendant W. T. Shaver, and asked him the amount of rent agreed upon per year for the second and third years. He answered that he made the agreement, and that it was for six hundred and sixty dollars per year for the second and third years. This evidence was excepted to and its admission is now assigned as error. Under the rule laid down in *Cooker Co. v. Olive,* 82 Iowa, 122, the lease was ambiguous, and parol evidence as to the real agreement of the parties was admissible. This disposes of all questions we can determine under the record before us, and the case is AFFIRMED.