D. J. VAN LIEW, Trustee, Appellee, v. A. W. MALLY et al., Appellants.

**EVIDENCE:** Parol as Affecting Writings—Contradicting Definite Terms. Parol evidence is inadmissible to show that a provision of a written lease was understood by the parties in a sense different from that imported by the *clear and definite words used.*

*Appeal from Polk District Court.*—GEORGE E. BRAMMER, Judge.

MARCH 4, 1924.

REHEARING DENIED JUNE 28, 1924.

ACTION on six promissory notes given by defendants to plaintiff for the rent of certain tracts of land in Polk County. The defendants admitted the execution of the notes, and set up

a counterclaim for damages resulting from the breach of some of the covenants of the lease under which the farm was occupied by appellants. The court, on motion of the plaintiff, directed the jury to return a verdict for the plaintiff for the amount named. Defendants appeal from the judgment entered on the verdict.—*Affirmed.*

*John McLennan,* for appellants.

*Casper Schenk,* for appellee.

STEVENS, J.—The controversy beween the parties involves the following provisions of a lease:

"* * * Said party of the first part agrees to furnish one peck of grass seed per acre for the number of acres necessary to seed. In further consideration of this lease the party of the second part agrees to seed the said farm to grass as soon as possible and small grain crops to be grown on said land until grass is started, it being the understanding that the party of the second part rents the land for grass purposes."

We gather from the record, which is not, however, quite clear on this point, that the plaintiff furnished one peck of seed for each acre of the farm necessary to be seeded during the year 1918, and a portion, at least, of the amount necessary for the land to be seeded in 1919. Upon the theory that the above provision of the lease required appellee to furnish one peck of seed for each acre necessary to be seeded until a reasonable stand was obtained, appellants attempted to introduce evidence to show that appellee refused to furnish seed after the year 1919. Evidence was admitted which tended to show that a good stand of grass was not obtained on the land during the life of the lease, and that, because of that fact, appellants suffered considerable loss. It was claimed by appellants that the real agreement and understanding between the parties was that appellee was to furnish a peck of grass seed for each acre necessary to be seeded until a reasonable stand of grass was obtained.

It seems to us that the only ambiguity in the contract is as to the number of acres to be seeded. The language employed by

the parties would appear to be clear and explicit. Appellee's obligation, as the contract is written, was to furnish one peck of seed for each acre to be seeded,—not one peck per acre per year for each acre necessary to be reseeded. Instead of ambiguity in the contract, if appellants' theory is correct, it simply failed to embody the full agreement of the parties. It is, of course, elementary that parol evidence is inadmissible to vary or alter the terms of a writing, in the absence of fraud or mistake. The requirement that appellee furnish one peck of seed for each acre necessary to be seeded involves no uncertainty except as to the actual number of acres. The contract may not correctly express the agreement and understanding of the parties, but it is not otherwise lacking in certainty.

Reliance is placed by appellants upon *Rath v. Schoon,* 192 Iowa 180. If the court below had refused to permit appellants to show by parol the number of acres necessary to be seeded, *Rath v. Schoon* would be applicable; but this is not the ruling complained of. The case at bar is more nearly analogous to *Banwart v. Shullenburg,* 190 Iowa 418. In that case it was sought by parol to add to the obligations assumed by the defendant in a written lease. We held that the consideration upon which the instrument rested could not be varied or altered by parol. Attention is also called to *American Sav. Bank v. Shaver Carriage Co.,* 111 Iowa 137, and *Martin Steam-Feed Cooker Co. v. Olive,* 82 Iowa 122. In the first of these cases, the ambiguity in the writing is clearly set out in the last paragraph of the opinion. No one could tell from the language employed what rent was to be paid for the second and third years of the term fixed by the lease under consideration in that case. By repetition and inconsistent statements, the instrument was rendered ambiguous. The decision in that case was rested upon the holding of the court in *Martin Steam-Feed Cooker Co. v. Olive,* supra. The ambiguity to explain which parol evidence was admitted in that case is too apparent to call for discussion.

There being no claim that appellee did not comply with the contract as written, the parol evidence offered to show a different understanding between parties was clearly inadmissible. This

is the only question presented for review. The judgment of the court below is—*Affirmed.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.