JOHN LINGO, Appellant, v. DENTON DEO BELT, Appellee.

**APPEAL AND ERROR:** Orders Appealable—Amount in Controversy. 1 The amount in controversy must, on appeal, be determined by the pleadings.

**JUDGMENT:** Offer to Confess—Ineffective Offer. An offer by defendant in open court to confess judgment when the plaintiff is not present in court *in person* is a nullity.

*Appeal from Page District Court.*—TOM C. WHITMORE, Judge.

## DECEMBER 11, 1924.

PLAINTIFF appeals from an order of the court below, over-ruling his motion to retax costs.—*Reversed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*Wilson, Keenan & Millhone,* for appellee.

STEVENS, J.—The amount in controversy in this case, as shown by the pleadings, exceeds $100. The amount of the costs which were taxed to appellant, and of which he complains, is less than that sum. The verdict returned by the jury was for $8.00. Appellee has filed a motion in this court to dismiss the appeal, upon the ground that the amount in controversy is less than $100. Under Section 4110 of the Code of 1897, reference must be had to the pleading, to determine the amount in controversy. The amount stated in the petition being in excess of $100, appellant should not be penalized by having his appeal dismissed for failing to bring up more of the record than is necessary to properly present the errors complained of. The motion to dismiss the appeal is overruled.

*1. APPEAL AND ERROR: orders appealable: amount in controversy.*

The verdict of the jury was for less than the amount for which appellee contends he offered, in open court, to confess judgment. The offer, if made, was not entered of record, and the parties, without objection on either side, undertook to show the facts by affidavits. The court found that a valid offer to confess judgment for $15 was made by appellee, and ordered the costs taxed to appellant. This court would be reluctant to reverse the finding of the court upon disputed questions of fact. There is, however, presented a question of law; and that is, whether an offer to confess judgment in open court, in the absence of the plaintiff, is of any validity.

*2. JUDGMENT: offer to confess: ineffective offer.*

Section 3818 of the Code of 1897 (Section 12675, Code of 1924) provides that, after an action for the recovery of money is brought, the defendant may, in open court, offer to confess judgment for a part of the amount claimed; and if the plain-

tiff, being present, refuses to accept such offer, or if the plaintiff, having had three days' notice that an offer would be made of a certain amount and of the time of making it, fails to attend, and on the trial does not recover more than the amount offered, he shall pay the costs of the defendant incurred after the offer.

It is not claimed that appellant was present when the alleged offer to confess judgment was made, which is denied by his own and his attorneys' affidavits, at the time appellee claims it was made. The statute relating to this subject must be strictly construed, and, in the absence of some showing that appellant was present at the time the offer to confess is claimed to have been made, his testimony and that of his attorney should be conclusive on that point. It is not sufficient that the offer was made in open court to, and in the presence of, the plaintiff's attorney. It must be made when the plaintiff is present. *Sloss v. Bailey,* 104 Iowa 696.

The ruling and judgment of the court below is, therefore,—*Reversed.*

ARTHUR, C. J., and EVANS and VERMILION, JJ., concur.