SHEER CONSTRUCTION, INC., Appellant,

v.

W. HODGMAN AND SONS, INC., Iowa Department of Transportation and U.S. Fidelity and Guaranty Co., Appellees.

No. 66741.

Supreme Court of Iowa.

Nov. 24, 1982.

Morris C. Hurd, Ida Grove, for appellant.

Thomas L. McCullough, Sac City, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

REYNOLDSON, Chief Justice.

Plaintiff Sheer Construction, Inc. (Sheer), sued W. Hodgman and Sons, Inc. (Hodgman), Hodgman's surety company U.S. Fidelity & Guaranty Co., and the Iowa Department of Transportation (DOT) for $5420 allegedly due under a highway improvement subcontract. At trial the parties stipulated DOT out of the suit. Sheer rejected Hodgman's offer to confess judg-

ment for $3500, dictated into the record at commencement of the trial. In rendering judgment against Hodgman for $3500, district court credited Hodgman with $1920 for completing Sheer's work, and for Sheer's share of a DOT penalty assessment for delay in the completion of the project. Sheer's claims for interest and attorney fees were disallowed. Costs of the trial following Hodgman's offer to confess judgment were assessed to Sheer. Sheer appeals. We affirm in part, reverse in part, and remand with direction.

The $361,985.57 contract between DOT and Hodgman was for resurfacing highway 169 in Kossuth County. It provided the project would be "completed on or before" fifty working days but also specified an October 28, 1977, completion date. Liquidated damages for delay in completion were fixed at $140 per day. Hodgman subcontracted the installation of railings, guard posts and rail anchors on one of the bridges to Sheer for an agreed compensation of $5420. In this subcontract Sheer agreed "to keep [itself] informed of the actual progress of operations and to begin the work herewith contracted for as soon as the Project is ready for such work or, in any event, within 15 days after being notified by [Hodgman] so to do." Sheer also promised "[t]o accept the assessment of liquidated damages for delays occasioned by the failure of [Sheer] to carry out the provisions of this Sub-Contract."

Early in October Hodgman notified Sheer it should start the guardrail work on November 15, 1977. Sheer, however, did not begin this work until December 7, 1977, and after a total of three and one-half working days, completed it on December 13, 1977.

After allowing for adverse weather, DOT charged Hodgman with 69 working days, an overrun of 19 days, generating a liquidated damage assessment of $2660. Hodgman protested, asserting its surfacing work was completed on November 18, 1977, and the road was then available to the public. DOT, relying on its specification that the road was not open and safe to the traveling public while men and machines (required by the guardrail work) were on the road shoulders, was not persuaded.

Sheer requested payment of $5420 from Hodgman. Hodgman, replying by letter, accepted responsibility for six and one-half days of the penalty but proposed to deduct from Sheer's compensation the sum of $1750, representing twelve and one-half days of liquidated damages. Sheer then filed this action, which was transferred to equity under the provisions of Iowa Code section 573.16.

On the morning of trial, before the first witness was sworn, Hodgman's counsel dictated into the record an "offer to confess judgment" for $3500, together with costs not including Iowa Code section 573.21 attorney fees. Pressed to declare whether the offer included interest, counsel stated "the record speaks for itself." Sheer's counsel moved to strike the offer because it was not in writing, it allegedly failed to comply with other Iowa Code chapter 677 requirements, and because Sheer did not receive three days' notice. Trial court required Sheer to declare whether it accepted the offer. Sheer declared it unacceptable. Trial court later overruled the motion.

Trial court's decree awarded Sheer judgment against Hodgman for $3500, after crediting the latter for Sheer's share of the penalty, computed as above set out, and for cleanup work Sheer did not complete. The court denied Sheer interest and attorney fees on the ground "that a good faith effort on the part of [Sheer] would have resulted in a settlement of its claim in the sum of $3500.00 in the spring or summer of 1978 and prior to filing suit." Costs were assessed against Sheer from the time the offer to confess judgment was rejected.

The propositions Sheer relies on for reversal may be combined into three issues: (1) Did trial court err in finding Sheer breached the subcontract? (2) Did trial court err in overruling Sheer's motion to strike Hodgman's offer to confess judgment, and finally assessing to Sheer all costs incurred after the offer? (3) Did trial court err in disallowing Sheer's claims for attorney fees and interest?

I. *Breach of Subcontract.*

The record is clear that Hodgman timely requested Sheer to begin work not later than November 15, 1977. It is also undisputed that Sheer did not commence work until December 7. Sheer contends that because of the October 28, 1977, completion date specified in the DOT-Hodgman contract, it was justified in scheduling its crews on other projects in November and not returning them to Kossuth County when requested. It asserts Hodgman's delay in making the project ready for the subcontracted work triggered its failure to appear at the work site in November. Hodgman relies on the subcontract provision requiring Sheer "to begin the work . . . as soon as the Project is ready for such work or, in any event, within 15 days after being notified by [Hodgman] so to do."

■ In order to recover in full, it was Sheer's burden to show a "full, complete, and substantial performance" of the subcontract. *Central Wisconsin Supply Co. v. Johnston Brothers Clay Works,* 194 Iowa 1126, 1132, 190 N.W. 961, 963 (1922); *accord Pfaudler Co. v. American Beef Packing Co.,* 338 F.Supp. 701, 706 (S.D.Iowa 1972) (applying Iowa law); *Roland A. Wilson & Associates v. Forty-O-Four Grand Corp.,* 246 N.W.2d 922, 925 (Iowa 1976). In all contracts, however, "there is an implied term that the person for whom the work is contracted to be done will not obstruct, hinder or delay the contractor, but, on the contrary, will in all ways facilitate the performance of the work to be done by him." *Kaltoft v. Nielsen,* 252 Iowa 249, 258, 106 N.W.2d 597, 602 (1960); *see Hardin v. Eska Co.,* 256 Iowa 371, 377–78, 127 N.W.2d 595, 598 (1964).

■ The facts of this case do not bring it within the exception applied in *Kaltoft* and *Hardin.* Sheer was given more than a month's time to adjust its schedule. Assuming Hodgman's inaction did hamper the timeliness of Sheer's performance, there is no evidence that Hodgman "render[ed] performance *impossible* by any act of [its]

own." *Hardin,* 256 Iowa at 377–78, 127 N.W.2d at 598 (emphasis added). Sheer merely had both of its crews working near Waverly and elected not to pull off for the Kossuth County work that, in good weather, could have been completed in about two days.

■ Sheer's president testified he thought the guardrail work would be done in October because the main contract completion date was October 28, 1977. As president of a company doing guardrail work on road projects all over the state, however, it is reasonable to infer he knew of the DOT's practice of permitting the working days allowed in the contract to extend beyond the completion date in case of inclement weather. The contract completion date was not made a condition of the subcontract. Rather, the subcontract appears purposely drafted to require Sheer to keep itself "informed of the *actual* progress of operations" (emphasis added). We agree with trial court that the intent of the subcontract was to require Sheer to do the guardrailing when the project had progressed to that point, or in any event, upon fifteen days' notice from Hodgman. This it failed to do.

■ We also agree with trial court's finding that Sheer was responsible for $1750 of the liquidated damages, and owed Hodgman an additional $170 for the reasonable value of the latter's efforts in completing Sheer's work to DOT's satisfaction. Thus we affirm trial court in granting Sheer a net judgment against Hodgman for $3500.

II. *Offer to Confess Judgment.*

Sheer asserts Hodgman's offer to confess judgment was defective because it was not in writing, did not include costs, interest and attorney fees, and was submitted without prior notice. These contentions disclose Sheer's failure to distinguish among four separate methods of offering to confess judgment outlined in Iowa Code chapter 677.[1]

---

1. The relevant statutes governing confessions of judgments remain unchanged since the trial

of this case and are found in Iowa Code chapter

The first method is incorporated in Iowa Code sections 677.1–.3, and provides a mechanism for making an offer before an action is commenced. The third is included in Iowa Code sections 677.7–.10 and provides for a written offer before trial and apparently requires plaintiff's notice of acceptance to be in writing and delivered within five days. The fourth "conditional offer" procedure is found at sections 677.11–.13 and permits a written offer "in writing that, if [defendant] fails in his defense, the amount of recovery shall be assessed at a specified sum." Iowa Code § 677.11 (1981).

■ The second method of offering to confess judgment in the chapter under scrutiny is the one employed here and is found at Iowa Code sections 677.4–.6. Iowa Code section 677.4 provides that "[a]fter an action for the recovery of money is brought, the defendant may offer *in court* to confess judgment for *part of the amount* claimed." (Emphasis added.) Section 677.5 then provides that "[i]f the plaintiff, *being present,* refuses to accept judgment . . . , *or,* having had *three days' notice* . . . , and on the trial does not recover more than was offered . . . , he *shall* pay the costs of the defendant incurred after the offer." (Emphasis added.) The advantage to the defendant in making the offer is the saving of court costs. Correspondingly, the penalty to the plaintiff for refusing the defendant's offer is the cost of the trial. *See generally* Joiner, *Determination of Controversies Without A Factual Trial,* 32 Iowa L.Rev. 417, 431–34 (1947). Such statutes are designed to encourage settlements of disputes, prevent the accumulation of costs and "should receive a liberal construction in furtherance of these objects." *Harrison v. Iowa Midland Railroad,* 36 Iowa 323, 327 (1873).

■ In this case Hodgman properly dictated its offer to confess judgment into the record "in court." Nothing in Iowa Code

section 677.4 required it to be in writing. Sheer's brief made no issue of its presence or absence when the offer was made, and on submission conceded it was present.[2] Therefore the three days' notice requirement of section 677.5 was inoperative.

Contrary to Sheer's interpretation of the record, Hodgman ultimately did include court costs in its offer. We doubt, however, that an omission in this respect would void the offer, as Iowa Code section 677.5 controls how the costs are to be allocated. *Powell v. Western Stage Co.,* 2 Iowa 50, 51 (1856), relied on by Sheer, appears to support its position that a "proffer" must include costs. But the statutes being construed there, Iowa Code sections 2345 and 2346 (1851), governed costs in an appeal from justice of peace court to district court, not the statutes under analysis in this appeal. On the other hand, in construing the predecessor statute to sections 677.4–.6, this court in *Manning v. Irish,* 47 Iowa 650, 652 (1878), confronted the issue directly:

> It is claimed that the offer is insufficient because it did not embrace the costs accrued at the time it was made. This objection was without merit. The offer was to confess a judgment in favor of plaintiff for a certain amount. The costs already accrued would follow this judgment as an incident. The court would have had full authority to enter up a judgment against defendant for the amount offered to be confessed, and for all costs incurred before the offer was made.

■ Nor do we find anything fatally defective in Hodgman's failure to include in its offer the "statutory" attorney fees and interest. Nothing in Iowa Code section 677.4 requires the offer to include attorney fees. Such fees "may" be imposed by the court in this type of action pursuant to

677 (1981).

2. For a decision indicating the record made by the defendant should disclose the presence of the plaintiff, see *Lingo v. Belt,* 198 Iowa 1276, 1278, 201 N.W. 5, 5 (1924) (not sufficient to make offer in presence of plaintiff's attorney).

*But see Sloss v. Bailey,* 104 Iowa 696, 698, 74 N.W. 17, 18 (1898) (valid offer might be made in presence of attorney or agent acting for plaintiff); *Manning v. Irish,* 47 Iowa at 652 (courts may, in absence of evidence to contrary, presume the plaintiff's presence).

Iowa Code section 573.21, and Sheer admits the award of such fees is discretionary with the court. Even where attorney fees are to be included in the costs, such fees need not specifically be mentioned. *See Tilton v. Iowa Power and Light Co.,* 250 Iowa 583, 589, 94 N.W.2d 782, 785 (1959).

We similarly hold Hodgman was not required to specify that interest was included in addition to the judgment it offered to confess. Neither party argues the $3500 that Hodgman offered *included* interest, or that there was any confusion about whether it did or not. Sheer is claiming no interest antedating the filing of its petition. If Hodgman's offer had been accepted, it would have resulted in a judgment. Interest on the judgment would have been governed by statute. *See* Iowa Code § 535.3 (1981).

We find nothing in Sheer's complaints that, procedurally or substantively, invalidate Hodgman's offer to confess judgment. Because Sheer did not recover more than the offer on the trial, the district court properly taxed to Sheer the costs incurred after the offer was made.

III. *Attorney Fees and Interest.*

Sheer contends trial court should have awarded it attorney fees under Iowa Code section 573.21:

The court may tax, as costs, a reasonable attorney fee in favor of any claimant for labor or materials who has, in whole or in part, established his claim.

Sheer concedes that under the above statute the award of fees is discretionary, not mandatory, and is reviewed only for abuse of discretion. *Petit v. Ervin Clark Construction Co.,* 243 Iowa 118, 128, 49 N.W.2d 508, 513 (1951); *see Grady v. S.E. Gustafson Construction Co.,* 251 Iowa 1242, 1252, 103 N.W.2d 737, 743 (1960).

A discretionary ruling is presumptively correct, and on appeal will be overturned only where an abuse of discretion has been demonstrated. An abuse is found only where the discretion is exercised on grounds or for reasons clearly unreason-

able. *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982); *State v. Buck,* 275 N.W.2d 194, 195 (Iowa 1979).

In view of trial court's finding that Sheer could have obtained all the compensation it was entitled to before trial, we cannot say trial court's ruling was clearly unreasonable or that trial court abused its discretion.

Finally, we turn to Sheer's complaint that trial court should have awarded it interest from the date of the commencement of the action, pursuant to Iowa Code section 535.3 (1981), which relevantly provides:

Interest shall be allowed on all money due on judgments and decrees of courts at the rate of ten percent per year .... The interest shall accrue from the date of the commencement of the action.

Hodgman has raised no issue relating to the constitutionality of the retrospective feature of this statute under the facts of this case. *See Janda v. Iowa Industrial Hydraulics, Inc.,* 326 N.W.2d 339, 344, (Iowa 1982).

The use of the word "shall" in a statute is ordinarily persuasive evidence the statute is obligatory, thus excluding the idea of discretion. *See State v. Lohr,* 266 N.W.2d 1, 5 (Iowa 1978); *Schmidt v. Abbott,* 261 Iowa 886, 890, 156 N.W.2d 649, 651 (1968); Iowa Code § 4.1(36)(a) (1981). In the circumstances of this case, we hold the language of Iowa Code section 535.3 (1981) stripped the court of any discretion to withhold interest on the judgment. Sheer should have been awarded interest at ten percent from the date of commencement of this action. Upon remand the trial court's decree should be modified to this extent. Costs on appeal are taxed one-half to Hodgman and one-half to Sheer.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTION.