# IN THE COURT OF APPEALS OF IOWA

No. 19-0041
Filed April 15, 2020

**THOMAS WEBB and LAUREEN WEBB,**
     Plaintiffs-Appellees,

**vs.**

**MIDWEST STORM COMPANY, LLC.,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lee (South) County, Wyatt P. Peterson, Judge.

Midwest Storm Company, LLC appeals from an adverse jury verdict.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Victoria D. Noel (until withdrawal) of the Noel Law Firm, Clinton, and Matthew L. Noel, Dubuque, for appellant.

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Midwest Storm Company, LLC (Midwest) appeals from an adverse jury verdict in favor of Thomas Webb and Laureen[1] Webb. On appeal, Midwest claims the district court erred in denying its motion for judgment notwithstanding the verdict (JNOV). Midwest also alleges the district court erred in not granting its motion for new trial with respect to its counterclaim. We reverse in part, affirm in part, and remand.

**I. Background Facts and Prior Proceedings**

The Webbs hired Midwest to repair damage to their home. Midwest completed work on the roof and hired a subcontractor to work on the home's siding. But Thomas was not satisfied with the quality of the siding work. Thomas told Midwest not to return or send the subcontractor back. The Webbs' insurance company paid Midwest $15,985.88 of the total contract price, which was somewhere in between $22,000 and $23,000. No one paid the remainder.

The Webbs then brought this action against Midwest. Midwest responded with a counterclaim against the Webbs. The matter proceeded to jury trial. The court submitted jury instructions for the Webbs' claims of breach of contract and negligence, as well as Midwest's breach of contract counterclaim.

The jury returned a verdict in favor of the Webbs on their contract and negligence claims. The jury awarded $7500 in damages for breach of contract and $1500 "plus lawyer fees and court costs" with respect to the negligence claim.

---

[1] Filings within the record differ as to the spelling of Ms. Webb's first name. Some filings refer to Lauren Webb and others to Laureen Webb. We refer to her as Laureen Webb as that is how her name appears on her appellant brief.

As to Midwest's counterclaim, the jury found the Webbs did not breach the contract. The district court promptly entered judgment for the Webbs and against Midwest in the amount of "$9000 plus lawyer fees and court costs."

On Midwest's motion, the district court filed a bill of exceptions. It expanded the record to show that (1) the parties had waived recording of closing argument; but (2) during closing argument, the Webbs' attorney stated they were only seeking $7500 in total damages.

Midwest also moved for new trial and JNOV. The district court conditionally granted the motion for new trial unless the Webbs filed a remittitur, or written consent, to reduce their total judgment to $7500. In all other respects, the district court denied Midwest's motions for new trial and JNOV.

The Webbs filed a written consent to a reduction of their total judgment to $7500. Midwest now appeals the court's denial of its motions for new trial and JNOV.

## II. Scope and Standard of Review

"The purpose of [JNOV] is to allow the district court an opportunity to correct any error in failing to direct a verdict." *Easton v. Howard*, 751 N.W.2d 1, 4 (Iowa 2008). "We . . . review a district court ruling on a motion for [JNOV] for correction of errors at law." *Thornton v. Am. Interstate Ins. Co.*, 897 N.W.2d 445, 460 (Iowa 2017) (citation omitted). "Our role is to decide whether there was sufficient evidence to justify submitting the case to the jury when viewing the evidence in the light most favorable to the nonmoving party." *Smith v. Iowa State Univ. of Sci. & Tech.*, 851 N.W.2d 1, 18 (Iowa 2014) (citation omitted).

On appeal, an appellate court's review is limited to those grounds raised in the defendant's motion for a directed verdict. Error must be raised with some specificity in a directed verdict motion. A motion for [JNOV] must stand on grounds raised in the directed verdict motion. On appeal from such judgment, review by an appellate court is limited to those grounds raised in the directed verdict motion.

*Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 844–45 (Iowa 2010) (citations omitted).

**III. Discussion**

Midwest argues it was entitled to JNOV as to both the Webbs' contract claim and their negligence claim. Midwest also contests the district court's denial of its motion for new trial as to its breach-of-contract counter claim.

We begin by addressing the Webbs' contract claim. Midwest claims that, as a matter of law, the Webbs could not recover for breach of contract. We agree for two reasons.

First, the jury was instructed without objection that (1) the Webbs must prove they have "done what the contract requires"; and (2) if they failed to prove that proposition, the Webbs would "not [be] entitled to damages." *See Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998) (providing for a plaintiff to recover for breach of contract the plaintiff must perform "all the terms and conditions required under the contract"). But it appears undisputed the Webbs failed to perform their payment obligation under the contract.[2] So the Webbs could not recover under the contract.

---

[2] The Webbs did not file a brief to contest this assertion, Thomas testified he did not pay the agreed upon amount, and we will not comb the record to build a responsive argument for a party. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) (determining the court "will not speculate on the arguments [a party] might have made" or "comb the record for facts to support such arguments").

Moreover, the jury was instructed without objection that a party's performance "is excused if the other party prevents it or makes it impossible." And it appears undisputed the Webbs prevented Midwest from addressing the Webbs' concerns with the siding work.[3] This excused Midwest's performance and foreclosed recovery by the Webbs. *See Sheer Constr., Inc. v. W. Hodgman & Sons, Inc.*, 326 N.W.2d 328, 332 (Iowa 1982) (noting construction contracts have "an implied term that the person for whom the work is contracted to be done will not obstruct, hinder or delay the contractor, but, on the contrary, will in all ways facilitate the performance of the work to be done by [the contractor]" (citation omitted)). So, as to the Webbs' contract claim, we conclude Midwest was entitled to JNOV.

We next address Midwest's challenge to the negligence award. As a practical matter, we recognize our review of this issue may have little effect. The Webbs consented to limiting their recovery to $7500. This eliminated the amounts awarded for their negligence claim.

Nonetheless, as Midwest argues, the Webbs did not plead or prove a viable negligence theory. The Webbs alleged Midwest "did not complete" home repairs that Midwest "had agreed to complete" under "a verbal contract." Moreover, the Webbs alleged, the work Midwest completed under the contract "was not done properly." As for damages, the Webbs alleged they had to "pay other contractors" to "finish" the work Midwest "had agreed to complete," and to "repair the work"

---

[3] Again, we note the Webbs did not file an appellate brief contesting this claim, and we will not scour the record to construct a responsive argument on their behalf. *See Hyler*, 548 N.W.2d at 876.

Midwest "performed incorrectly." These are contract claims, not negligence claims. *See Annett Holdings, Inc. v. Kum & Go, L.C.*, 801 N.W.2d 499, 503 (Iowa 2011) ("When two parties have a contractual relationship, the economic loss rule prevents one party from bringing a negligence action against the other over the first party's defeated expectations—a subject matter the parties can be presumed to have allocated between themselves in their contract."); *see generally* Jeffrey L. Goodman et. al., *A Guide to Understanding the Economic Loss Doctrine*, 67 Drake L. Rev. 1 (2019). So Midwest was entitled to JNOV as to the Webbs' negligence claim.

Finally, we address Midwest's claim that it is entitled to a new trial with respect to its counterclaim asserting a breach-of-contract claim against the Webbs. Midwest's motion for new trial asserted, "On the count submitted by the [d]efendant the jury affixed an amount too small." On appeal, though, Midwest raises arguments about liability, not damages. We conclude Midwest's complaint to the district court concerning damages did not preserve its appellate claim regarding liability.[4] *See Grefe & Sidney v. Watters*, 525 N.W.2d 821, 825 (Iowa 1994) (concluding a party may not make a new argument on appeal).

## IV. Conclusion

We affirm the district court's ruling on Midwest's motion for new trial with respect to Midwest's counterclaim. We reverse the district court's ruling on

---

[4] We may raise the issue of error preservation sua sponte. *See Top of Iowa Co-op. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal.").

Midwest's motion for JNOV and remand for entry of judgment in favor of Midwest as to the Webbs' breach-of-contract claim and negligence claim.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**